THE DOWNEY COMPANY *vs.* ROSS WHISTLER & another, trustees.

Suffolk.    October 3, 1933. — November 28, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Contract,* What constitutes, Parties, Ratification, With trustee.  *Trust,* Construction of instrument creating trust, Trustee's powers.  *Partnership,* What constitutes.

Under an instrument of trust duly recorded, two men, therein designated as trustees, declared that they would hold property conveyed to them as trustees "upon the following trusts for the following purposes and with the following powers."  Provisions of the instrument were: "Two Trustees acting hereunder at any time shall have and exercise all the powers given to the Trustees herein named and if by reason of the decease, resignation or removal of a Trustee there shall be less than two Trustees acting hereunder the remaining Trustee shall have and exercise all such powers until a new Trustee has been appointed and the certificate of such appointment recorded. . . ." The beneficial interest under the trust was held by shareholders holding transferable shares.  Any trustee might be removed by an instrument in writing signed by not less than a majority in interest of the shareholders.  One trustee made a contract in writing with a building contractor, which recited that it was made between the contractor and the trust, naming it, "by" the two trustees, naming them; but it was executed in the name of the trust "by" only one of the trustees. The other trustee did not learn of the contract until long after the contractor had fully performed it.  Successors to the original trustees were appointed, and the contractor sought recovery on the contract in an action begun by a writ directing an attachment of "the goods and estate of . . . [naming the succeeding trustees] as they are trustees under" the trust instrument, "defendants."  A verdict was ordered for the defendants. *Held,* that

(1) The plaintiff, before he made the contract, was put on inquiry to ascertain the authority of the trustees and the limitations, if any, of the authority conferred as shown by the recorded declaration of trust;

(2) The trustee who alone executed the contract had no power nor authority to bind the trust by the contract, and the plaintiff must be held to have known of that fact;

(3) The other original trustee could not properly be found to have ratified the contract, even if he legally could have done so;

(4) The instrument in question did not create a partnership and the succeeding trustees therefore could not be held liable as partners under G. L. (Ter. Ed.) c. 108A, § 17;

(5) The verdict rightly was ordered.

CONTRACT. .Writ dated November 17, 1932.

The writ directed the sheriff "to attach the goods or estate of Ross Whistler and Gerald D. Boardman as they are Trustees under a Declaration of Trust entitled '282 Beacon Street Trust' . . . Defendants" and. to summon "the said Defendants" to appear and answer.

The declaration is described in the opinion. The action was tried in the Superior Court before *Morton,* J. One provision of the declaration of trust. of the "282 Beacon Street Trust" was that the owners of the beneficial interest therein held shares represented by certificates which were transferable. Other material facts are stated in the opinion. The judge ordered a verdict for the defendants and reported the action for determination by this court.

*H. A. Baker,* for the plaintiff.

*W. F. Byrne,* (*C. A. Roberts & R. G. Wellings* with him,) for the defendants.

PIERCE, J. This is an action of contract tried to a jury in the Superior Court. At the close of all the testimony the trial judge ordered the jury to return a verdict for the defendants. The plaintiff duly excepted. "The case is reported to the Supreme Judicial Court upon the agreement of the parties that if it should have been submitted to the jury, it may stand for a new trial, otherwise the verdict to stand."

The defendants named in the writ are "Ross Whistler and Gerald D. Boardman as they are Trustees under a Declaration of Trust entitled '282 Beacon Street Trust.'" The declaration alleges, in substance, that the defendants are successors of the original trustees of said trust; that the original trustees contracted with the plaintiff to in-

stall plumbing and heating; that the plaintiff performed the contract and furnished extras; that the original trustees were succeeded in said office by the defendants, as trustees; and that the defendants, as trustees, owe the plaintiff the sum of $8,177.13 with interest.

The facts shown by the report disclose that the plaintiff bid on the work at 282 Beacon Street and signed an agreement, which was dated March 29, 1927, and was signed by the plaintiff by its president and treasurer, John J. Downey, and by "OWNER, 282 Beacon St. Trust by Elliott Henderson, Trustee." The contract included an agreement that the contractor should furnish materials and perform work shown on drawings, specifications and revisions thereof, prepared by the architect, and that the "Owner should pay the Contractor as the work progressed in said proportions; that final payment should be due 40 days after the substantial completion of the work as certified by the Architect."

At the time this contract was entered into the building numbered 282 Beacon Street was owned by the 282 Beacon Street Trust, which was created by a declaration of trust, dated September 10, 1926, and recorded in the Suffolk Registry of Deeds. Under that instrument Elliott Henderson and Roger B. Tyler were called the trustees, and declared "we will hold any and all property of whatever name or nature that may be conveyed to us as Trustees under this Declaration of Trust upon the following trusts for the following purposes and with the following powers . . . ." Said declaration of trust provided that the "Two Trustees acting hereunder at any time shall have and exercise all the powers given to the Trustees herein named and if by reason of the decease, resignation or removal of a Trustee there shall be less than two Trustees acting hereunder the remaining Trustee shall have and exercise all such powers until a new Trustee has been appointed and the certificate of such appointment recorded with said Suffolk Deeds." It is also provided in said declaration of trust that "In all contracts or other instruments imposing liability on the Trustees reference shall be made to this Decla-

ration of Trust and it shall be expressly stipulated that no Trustee or shareholder hereunder shall be personally liable thereunder"; and that the trustees shall be responsible only for a wilful breach of trust and not one for the acts or defaults of the other.

The defendants admit that the plaintiff did the work and did it well; that it was worth the money charged; and that the plaintiff has never received payment in money for said work. The reported facts show that on March 30, 1929, Elliott Henderson gave his personal note for $8,500, payable in one year to the plaintiff, to Downey, its president and treasurer, to cover the work the plaintiff had furnished under the agreement. Henderson testified that the note was given in payment of the work performed. Downey testified that it was given not in payment of the account but "as a promise"; that he took it to a bank and deposited it for collection; that it was never indorsed to anybody; that the plaintiff sought payment "on account of the Note on 282 Beacon Street"; and that he was present at a meeting of the creditors of Henderson in August or September, 1932, but nothing was said about the note. At the trial the note was produced by the plaintiff and tendered to Elliott Henderson. The plaintiff further in open court disclaimed all rights under the note, relinquished all claims to it and released Elliott Henderson from any and all liability to the plaintiff based on said note.

The trust agreement provides, in substance, that the trustees shall have power to hold, manage and dispose of the estate held by them as if they were the absolute owners; that they should have no power to bind the shareholders personally and that "Any Trustee hereunder may be removed by an instrument in writing signed by not less than a majority in interest of the shareholders such removal to take effect when such instrument together with a certificate by the other Trustees or Trustee that it is so signed is recorded with said Suffolk Deeds." It was agreed that Elliott Henderson resigned, as trustee, on January 26, 1929, and the defendant Ross Whistler was appointed on December 10, 1931. The resignation of Henderson was recorded

in the registry of deeds on December 15, 1931, and Whistler's appointment was recorded the same date. Tyler resigned under date of December 10, 1931, and his resignation was recorded December 15, 1931. The defendant Boardman was appointed trustee as of December 10, 1931, his appointment being recorded December 15, 1931.

The work done by the plaintiff was completed November 30, 1927; the defendants became trustees of 282 Beacon Street Trust on December 10, 1931. It is plain that they were not parties to the contract of March 29, 1927, unless the law imposes upon them as succeeding trustees a liability which was incurred before their appointment. The plaintiff knew that it was dealing with a trustee. The agreement recites that it is made between the plaintiff and 282 Beacon Street Trust by "Elliott Henderson and Roger B. Tyler . . . Trustees." The declaration of trust was recorded in the Suffolk Registry of Deeds. All negotiations which led up to the execution of the agreement were carried on with Elliott Henderson, alone. The agreement was executed "282 Beacon St. Trust by Elliott Henderson, Trustee." Accordingly, the plaintiff was put on inquiry to ascertain the authority of the trustees and the limitations if any of the authority conferred as shown by the recorded declaration of trust. That instrument recites that "Two Trustees acting hereunder at any time shall have and exercise all the powers given to the Trustees herein named . . ." From this provision it is clear that Henderson, acting alone, had no power or authority to bind the trust, and as the plaintiff had at least constructive notice of the terms of the trust, it follows that it knew that Henderson alone had no power to bind the trust. The other trustee, Roger B. Tyler, did not learn of the contract with The Downey Company until long after the contract was completed. He therefore could not be held to have ratified, if he legally could, the contract between the plaintiff and the trust by Elliott Henderson, trustee. *Loughery* v. *Bright,* 267 Mass. 584, 588–589. *Boston* v. *Robbins,* 126 Mass. 384, 388. The execution of the contract between the plaintiff and 282 Beacon Street Trust by Elliott Henderson, trustee,

did not bind the trust, if it were a trust. It bound Henderson personally, and he did not attempt, as he might have done under the declaration of trust, to exempt himself from personal liability. *Larson* v. *Sylvester*, 282 Mass. 352, 357–358. *Neville* v. *Gifford*, 242 Mass. 124. This fact would seem to be conclusive against any right of the plaintiff against the trust.

The plaintiff contends that the trust agreement created a partnership and not a strict trust and that the succeeding trustees assumed the liabilities of the trust as partners, and it relies upon the provision of the declaration of trust above quoted in respect to removals of trustees. The evidence is clear that the plaintiff had constructive notice of the terms of the trust and had actual knowledge that only one of the two trustees executed the agreement. There is nothing in the record to support a conclusion that the shareholders had power to control the judgment of the trustees in any matter pertaining to the administration of the trust. Indeed the trustees had "absolute power" subject to the right of removal, above quoted, by a majority of the shareholders. The contention that the trustees and shareholders were partners, perforce of the declaration of trust, therefore, falls to the ground and sweeps with it the conclusion that the defendants as succeeding trustees of the trust are liable as partners under the provision of G. L. (Ter. Ed.) c. 108A, § 17, which reads: "A person admitted as a partner into an existing partnership is liable for all the obligations of the partnership arising before his admission as though he had been a partner when such obligations were incurred, except that this liability shall be satisfied only out of partnership property."

We find it unnecessary to consider the legal effect of the delivery and receipt of the note in the circumstances shown by the report.

Upon the facts we think no cause of action exists against the defendants as succeeding trustees of the 282 Beacon Street Trust. It follows that judgment on the verdict is to be entered for the defendants.

*So ordered.*