# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

## MASSACHUSETTS

CONGREGATIONAL CHURCH UNION OF BOSTON AND VICINITY,
trustee, *vs.* ATTORNEY GENERAL & another.

Suffolk.   February 4, 1935. — February 26, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Trust*, Public charitable, Powers of trustee.   *Charity.*

In general, a trustee holding property upon a public charitable trust has
no authority, apart from authority granted by the General Court
or a court of equity, to alienate the property.

A decree of a court of equity, authorizing a parish corporation of the Con-
gregational denomination to convey a parcel of land, on which was its
meeting house, to a charitable corporation, appointing the charitable
corporation a trustee of the property and empowering it "to hold the
same with all powers hitherto enjoyed by the . . . [parish] with respect
to the management, control, investment and disposition thereof,"
upon trust "to appropriate and apply the same in such manner as in
its sole discretion it shall deem best towards the support of" certain
religious and charitable activities, or, if it should seem wise to the
trustee to do so "because of changed circumstances," to appropriate
and apply the property to the support of certain other similar activi-
ties, neither contained a grant of authority to the trustee to alienate
the property nor, even if the parish had possessed full power to alienate
it, conferred a like power upon the trustee as successor in title to the
parish.

PETITION, filed in the Land Court on December 29, 1933,
for registration of the title to certain land in Boston.

The case was heard by *Davis*, J. Material facts, rulings given and refused by the judge, and his decision, are described in the opinion. The petitioner alleged exceptions.

The case was submitted on briefs.

*C. C. Boothby*, for the petitioner.

*P. A. Dever*, Attorney General, & *C. F. Lovejoy*, Assistant Attorney General, for the Attorney General.

PIERCE, J. This is a petition to register title to land in Charlestown, held by the petitioner "as trustee under deed of The First Parish in the Town of Charlestown to petitioner as trustee as in said deed recited, and under power given under a decree entered in case No. 47,516 Equity, Supreme Judicial Court for the county of Suffolk, entitled First Parish in the Town of Charlestown *vs*. Arthur K. Reading, Attorney General and others." The petition to register title, answers of the respondents, interrogatories propounded to the petitioner by the respondent city of Boston, and answers of the petitioner to said interrogatories, are referred to in the bill of exceptions, and copies of the said decree of the Supreme Judicial Court for the county of Suffolk, said deed of The First Parish in the Town of Charlestown to the petitioner as trustee, the petitioner's requests for rulings and the decision entered by the Land Court are annexed to and made a part of the bill of exceptions.

The petitioner is a charitable corporation, chartered on April 22, 1896, under the provisions of Pub. Sts. c. 115, and acts in amendment thereof and in addition thereto. The above named grantor (The First Parish in the Town of Charlestown) was incorporated by an act passed on March 5, 1803 (St. 1802, c. 107, vol. 3, Massachusetts Special Laws, page 156). "It has maintained continuous existence as a corporation from date of its incorporation to date of its said deed to petitioner as trustee and to the present time."

Of the petitioner's requests for rulings * the Land Court

---

* 1. The trusts upon which the petitioner holds title are entirely contained in decree of the Supreme Judicial Court for the County of Suffolk, No. 47,516 Equity, First Parish in the Town of Charlestown *vs*. Arthur K. Reading, Attorney General, and other parties respondent.

2. The provisions of said decree as a precedent and as an authority are binding upon this court.

has granted the first, second and fourth, which relate to the said decree of the Supreme Judicial Court for the county of Suffolk and the relation of the Attorney General thereto, and no appeal nor exception has been taken by the Attorney General; and has granted the fifth and eighth, which relate to the claim of the city of Boston, and no appeal nor exception has been taken by that respondent. The Land Court has refused the third, sixth and seventh requests and upon them has adopted, in substance, the contentions of the Attorney General. The questions of law raised by said refusal to grant the third, sixth and seventh of the petitioner's requests are the only questions covered by the bill of exceptions, and they relate to the petitioner's powers of alienation contained in said decree of the Supreme Judicial Court for the county of Suffolk,* to the powers of alienation

---

3. The provisions of said decree contain requisite powers of alienation in the petitioner as trustee, and are authority for inclusion of such powers in the decree of this court in land registration proceedings.

4. The Attorney General of the Commonwealth is bound by said decree of the Supreme Judicial Court and cannot be heard again upon this same subject matter.

5. There is no condition of reverter in the vote of the town of Charlestown passed in 1782 under which The First Parish in the Town of Charlestown acquired title.

6. That said The First Parish in the Town of Charlestown under the statutes and decisions of this Commonwealth had powers of alienation upon compliance with its own by-laws.

7. The petitioner as successor in trust to the title of said The First Parish in the Town of Charlestown has like powers of alienation.

8. The city of Boston as successor corporation to the town of Charlestown has no title or claim to the parcel of land described in petition in this case.

* This cause came on to be heard upon the petition and the answers and was argued by counsel, and it appearing that it is no longer practicable for the petitioner to hold and administer for the religious purposes for which it is incorporated the real estate and personal property to which the said petition refers, nor to hold and administer for the purposes of said trusts the trust funds to which the said petition refers, and that the First Church in Charlestown, a corporation which was formerly the voluntary unincorporated religious association associated with the petitioner for many years and with which a neighboring church of the same denomination has been merged, still maintains and supports as heretofore the customary religious services and related activities of a church of the Congregational denomination, serving thereby the same territorial district as before said merger and during its many years of association with the petitioner, and that the Congregational Church Union of Boston and Vicinity, a corporation having purposes and powers appropriate for the receiving and holding by it of said property and trust funds on the terms hereinafter set forth, is competent and willing to be appointed trustee of said property and funds and to receive the same from the petitioner, and all parties assenting hereto, it is Ordered, Adjudged and Decreed: 1. That the petitioner be, and hereby is, authorized and ordered forthwith to transfer, pay over, assign and convey to the said Congregational Church Union of Boston and Vicinity, to hold as here-

of said The First Parish in the Town of Charlestown and to the petitioner's powers of alienation as successor in trust to the title of said parish.

As is recited in the preamble to the decree of the Supreme Judicial Court for the county of Suffolk, quoted in the margin, and in the opinion in *Curtis* v. *First Church in Charlestown*, 285 Mass. 73, 76–78, referred to in the decision of the Land Court, a voluntary, unincorporated religious association had been associated with The First Parish in the Town of Charlestown for many years in the dual form of organization then commonly used in Con-

---

inafter set forth, all the real and personal estate to which the petition refers, as therein set forth, to wit: A parcel of land, with the brick meeting-house thereon, situated on Harvard Square, formerly Town House Hill, in the Charlestown District of said Boston, and bounded: Westerly by Harvard Street, and Northerly, Easterly and Southerly by said Harvard Square, and containing thirteen thousand four hundred square feet of land, more or less, or however otherwise bounded, measured or described; the chime of sixteen bells, the organ and other personal property in or connected with said meeting-house; and the several trust funds aforesaid in the amounts following, as of December 15, 1926, viz: For the support of the ministry: . . . [here follows a detailed description of the trust funds] and upon the completion of such transfers, payments, assignments and conveyances shall be divested of all rights and discharged of all obligations with respect to said property and trust funds. 2. That the said Congregational Church Union of Boston and Vicinity be, and hereby is, appointed a trustee of said property and trust funds, and empowered to receive and collect the same from the petitioner, to hold the same with all powers hitherto enjoyed by the petitioner with respect to the management, control, investment and disposition thereof, upon the following trusts: (a) As to the trust fund held under the will of Willard Dalrymple, to apply the income thereof to supplying the pulpit of the said First Church in Charlestown. (b) As to the trust fund founded upon the bequest of $1,000 in the will of Mary W. Tilden, to apply the net income only thereof to the support of the ministry of said First Church in Charlestown. (c) As to the said trust fund founded upon the bequest of $500 in the will of said Mary W. Tilden, to apply the income only thereof to the maintenance of the Sabbath school of said First Church in Charlestown. (d) As to the trust fund held under the will of Syrene McDonald, to apply the income thereof to supplying the pulpit of the said First Church in Charlestown, subject to the rights of the American Board of Commissioners for Foreign Missions and of the Massachusetts Home Missionary Society, as heretofore existing under the terms of said will and trust. (e) As to the trust fund held under the will of Hiram Fogg, to appropriate the interest thereof towards the improvement of the choir of said First Church in Charlestown in sacred music. (f) As to all the other property, real and personal, to which the petition refers, to appropriate and apply the same in such manner as in its sole discretion it shall deem best towards the support of the religious services and related religious or otherwise charitable activities of the said First Church in Charlestown, or, if because of changed circumstances with respect to the said First Church in Charlestown or with respect to the needs of the territorial district now or formerly served by said First Church it shall appear to said trustee wise to do so, towards the supporting of such other religious purposes or work of the Congregational denomination within that part of Boston, formerly Charlestown, as shall appear to it most needful of such support.

gregational churches, the title to the "temporalities" used by the voluntary religious association being in the corporate body. Under St. 1913, c. 84, the voluntary religious organization became incorporated, and another church corporation was merged with and conveyed to it all its property, including its church edifice in the same general locality as was the edifice owned by The First Parish in the Town of Charlestown. By § 4 of that statute, the parish corporation was authorized to convey its property to the new corporation. It, however, did not do so, but filed the bill in equity in the Supreme Judicial Court for the county of Suffolk, there numbered 47516 Equity, which resulted in the decree quoted *supra* in the margin. There followed the deed from The First Parish in the Town of Charlestown, which was duly recorded at Suffolk registry of deeds, book 4881, page 2, and reads in part as follows: "First Parish in the Town of Charlestown, a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts, and having its usual place of business in the Charlestown District of Boston, Suffolk County, Massachusetts, for consideration paid, and by virtue of, and in execution of, the power to it given under a decree entered in Case No. 47516 Equity, Supreme Judicial Court of Suffolk County, entitled First Parish in the Town of Charlestown vs. Arthur K. Reading, Attorney-General and Other Parties, Respondent, and by virtue of, and in execution of, every other power and authority said First Parish enabling, hereby grants to the Congregational Church Union of Boston and Vicinity, a corporation duly organized and existing under the laws of said Commonwealth, and having its usual place of business in said Boston, as Trustee as in said decree set forth, a certain parcel of land with the brick meeting-house thereon situated on Harvard Square, formerly Town House Hill, in the Charlestown District of said Boston, and bounded: Westerly by Harvard Street, and Northerly, Easterly and Southerly by said Harvard Square, and containing thirteen thousand four hundred (13,400) square feet of land, more or less; or however otherwise bounded, meas-

ured or described. Said parcel of land was granted and conveyed to said Parish by the Town of Charlestown in Town Meeting held October 27, 1782. Said Town Meeting Record is contained in Charlestown Archives 1629–1847, ·Volume 25, Town Records, deposited with the Records of the City of Boston. In Witness Whereof, said First Parish in the Town of Charlestown has caused the seal to be hereto affixed which it hereby adopts as its corporate seal, having no other corporate seal, and has caused these presents to be executed in its name and behalf by Gardner Bates, its Treasurer, thereunto duly authorized by vote of said First Parish, dated March 7, 1927, a copy of which is hereunto annexed. This instrument is dated this 19th day of March, 1927." At an annual meeting of the corporation, The First Parish in the Town of Charlestown, held on March 7, 1927, the foregoing deed of release having been read and considered, the following vote was passed: "*Voted:* That the treasurer, Gardner Bates, is hereby authorized and instructed to execute, acknowledge and deliver, in the name and behalf of the said corporation, the deed of release which has just been read."

From 1927 to 1929 occasional services and meetings were held in the edifice on the locus, but thereafter the condition of the building became so unsafe that no meetings have been held and all access by the public has been excluded. Acting under the advice of competent contractors and of the building inspector of the city of Boston that repairs were impracticable and that as a matter of public safety it should be taken down, the meeting house itself, with the exception of the tower containing the chime of bells, has recently been demolished.

The judge of the Land Court ruled that the trust under which the property was held was a public charitable trust, whether by express terms or not, and that the petitioner "without the aid of the court could not make a good title," and that the decree of the Supreme Judicial Court for the county of Suffolk did not contemplate, and was not intended to contemplate, a mortgage or sale of the property itself;

and stated: "If and when the necessity for a mortgage or sale should arise, it will be a simple matter to obtain, on notice to the Attorney General, a decree of a court of equity in regard thereto. The decree, and certificate of title issued in pursuance thereof, is not to contain the words 'with power to sell' or 'power to mortgage.'"

Respecting the contention of the city of Boston "that inasmuch as the use of the meeting house as a house for the public worship of God has ceased, the grant by the town of Charlestown is voided, the right of the petitioner to the use and occupancy of the estate has ceased and the possession of the fee is now vested in the city of Boston as successor to the town of Charlestown," the Land Court ruled, in substance, that the grant in 1782 to a parish in Charlestown to which The First Parish in the Town of Charlestown was successor under the provisions of St. 1802, c. 107, was not "a grant of an estate on conditional limitation, with possibility of reverter in the respondent city as successor to the grantor"; and that it was not "a grant upon condition," citing *Rawson* v. *School District in Uxbridge*, 7 Allen, 125, and *Battelle* v. *New York, New Haven & Hartford Railroad*, 211 Mass. 442. No exception was taken to these rulings; they must stand.

The petitioner, as we understand its brief, does not dispute that the general rule governing public charitable trusts is that property held in such trusts is inalienable apart from an act of the Legislature or a decree of a court of equity, Gray, Rule Against Perpetuities (3d ed.) § 590 and note 3, but contends that The First Parish in the Town of Charlestown possessed "full powers of alienation without the enabling decree of any court to that end" and that the decree quoted in the footnote "conferred upon" the petitioner "the same powers of alienation which under the law were possessed by" said parish; and also contends that the decree, "independently of any powers possessed by the said parish, contained full powers of alienation in the petitioner as trustee" thereunder, and "that the concluding paragraph [(f)] of the decree has no application and no meaning and is rendered useless unless the inter-

pretation of the decree is that under the trust which it created the petitioner has power to sell and power to mortgage," citing *Eustace* v. *Dickey*, 240 Mass. 55, 72. Equity has no authority to destroy a charitable trust, but it can order a sale of the property and reinvestment. Gray, Rule Against Perpetuities (3d ed.) § 590, note 3, and cases there collected. If the authority of a trustee rests upon its power to authorize a sale or mortgage of the trust property for reinvestment, it is plain that the authority for such reinvestment can be granted when the need therefor is adjudged by the court to exist presently, and that a power to sell or mortgage charitable trust property cannot be conferred on the trustee to be exercised in the future as he alone shall determine to be wise or necessary. We agree with the Land Court that "it will be a simple matter to obtain, on notice to the Attorney General, a decree of a court of equity in regard thereto," and that it is not desirable to change the general rule.

*Exceptions overruled.*