THE DOWNEY COMPANY & others *vs.* THE 282 BEACON STREET TRUST & others.

Suffolk. December 14, 1934. — September 21, 1935.

Present: RUGG, C.J., CROSBY, FIELD, & LUMMUS, JJ.

*Trust*, Contract made by trustee, Reimbursement of trustee, Trustee's powers. *Equity Jurisdiction*, To reach and apply equitable assets.

It is settled in this Commonwealth that where a trustee has honestly incurred personal liability within the scope and for the benefit of his trust, creditors for such liability may reach the trust property by being substituted for the trustee and standing in his place to the extent that the trustee is entitled to be indemnified. Per RUGG, C.J.

One of two trustees under a declaration of trust requiring contracts to be signed by both and to contain a clause exempting them from personal liability, had no right to reimbursement from the trust property

for his personal liability under a contract signed in good faith by him alone without such an exempting clause, though his creditor's performance of the contract benefited the trust and though the declaration of trust also provided that the trustees should be liable only for "wilful defaults"; and it was proper to dismiss a bill in equity by the creditor to reach and apply such claimed right to reimbursement.

CONTRACT. Writ dated August 23, 1933.

In the Superior Court, the action was amended into a suit in equity, which was heard by *W. A. Burns,* J. Final decree was entered pursuant to his order therefor, by *Weed,* J.

*H. A. Baker, (A. B. Bagley* with him,) for the plaintiff.

*W. F. Byrne, (R. G. Wellings* with him,) for the defendants.

*P. A. Hendrick,* for the interveners, submitted a brief.

RUGG, C.J. This is a suit to reach and apply certain alleged indebtedness in settlement of obligations due to The Downey Company, hereafter called the plaintiff. The trial judge found the material facts to be in substance as follows: The plaintiff made in writing a contract to do the plumbing in a building being erected on land owned by The 282 Beacon Street Trust, hereafter called the defendant. The defendant was established by a declaration of trust, duly recorded, which states in specific terms how the defendant shall be bound by contracts and recites that the powers thereby created must be exercised by two trustees. At the time of the execution of the contract here involved, there were two trustees, Elliott Henderson and Roger B. Tyler. The contract was executed in behalf of the defendant by Elliott Henderson, trustee. It was not signed by Tyler. The plaintiff did the work called for by the contract in a thorough and workmanlike manner, was paid on account from time to time by Henderson both from his own and from trust funds; but there is still due the plaintiff a balance of $8,177.13 with interest from January 10, 1928. After the completion of the work, Henderson gave the plaintiff his personal note for $8,500 payable in one year. That note has not been paid and Henderson is insolvent. That note was given and received in payment of the balance due on the contract. Henderson was not indebted to

the defendant nor the defendant to him at the time the contract was made or thereafter. Henderson had no authority to bind the trust by his signature alone without that of Tyler, his cotrustee, and the plaintiff should have taken notice of that fact. Henderson violated the terms of the declaration of trust and "acted improperly" although he did not personally benefit and "all the benefit accrued to" the defendant. Henderson acted in good faith. He resigned as trustee on January 26, 1929, and Ross Whistler, joined as a defendant, was appointed on December 10, 1931. Tyler resigned on December 10, 1931, and the defendant Gerald D. Boardman was appointed a trustee as of that date.

J. H. Kennedy and Son were allowed to intervene as plaintiffs. They contracted in writing to do the plastering in the same building, did it in a thorough and workmanlike manner and there is now owed them $3,536.69 with interest from November 1, 1927. Their contract was signed by themselves, by Henderson and by the defendant by Henderson. In payment of that balance Henderson gave his personal note or notes which J. H. Kennedy and Son discounted and subsequently had to pay. Tyler, the cotrustee of Henderson, had no knowledge of the contract with the plaintiff until long after the work was completed, although he knew that the building was being erected and that the money of the defendant was being expended therefor, and he authorized Henderson to take whatever steps were necessary to erect the building.

The declaration of trust whereby the defendant was established stated that the purpose of the trust was the acquisition of specified real estate, the erection of an apartment house thereon, the leasing of apartments therein and the ultimate conversion of the real estate into personalty, and provided that the trustees should "be responsible only for a wilful breach of trust." It provided also that in all contracts imposing liability on the trustees "reference shall be made to this Declaration of Trust and it shall be expressly stipulated that no trustee or shareholder hereunder shall be personally liable thereunder."

The judge ruled that the amount due The Downey Company is the personal obligation of Henderson and that the amount due J. H. Kennedy and Son likewise is the obligation of Henderson and that Henderson has no right to be reimbursed from the trust, so there is nothing to reach and apply. A final decree was entered establishing the debts in favor of the plaintiff and of the interveners respectively against Henderson and dismissing the bill and the intervening petition as against the defendant without costs. The plaintiff and the interveners have appealed.

The findings of fact made by the trial judge must be accepted as true since they are not inconsistent with each other and the evidence is not reported. *Peabody* v. *Dymsza,* 280 Mass. 341. The entry of the final decree dismissing the bill imports the drawing of all rational inferences in connection with the facts found necessary to support that result. *Seager* v. *Dauphinee,* 284 Mass. 96, 98. The finding that the personal notes of Henderson were accepted by the plaintiff and by the interveners in payment of the balances due them respectively must stand as final. *Fratta* v. *Rossetti,* 277 Mass. 98.

The plaintiff sought to recover of the trustees of the defendant in an action at law the balance due under its contract. *Downey Co.* v. *Whistler,* 284 Mass. 461. It there was held that no recovery could be had because the contract did not bind the defendant but bound Henderson personally and he did not attempt, as he might have done under the declaration of trust, to exempt himself from personal liability. Therefore there was no legal obligation due from the defendant to the plaintiff.

The plaintiff and the interveners base their contention that they ought to prevail in the present suit on the theory that Henderson as trustee has a right to reimbursement out of the trust for the liability incurred by him in the circumstances here disclosed. It is settled in this Commonwealth that where a trustee has honestly incurred personal liability within the scope and for the benefit of his trust, creditors for such liability may reach the trust property by being substituted for the trustee and standing in his

place to the extent that the trustee is entitled to be indemnified. *Mason* v. *Pomeroy*, 151 Mass. 164, 167. *Mayo* v. *Moritz*, 151 Mass. 481, 484, 485. *King* v. *Stowell*, 211 Mass. 246, 250. *Newton* v. *Rolfe*, [1902] 1 Ch. 342, 345, 346. *Hewitt* v. *Phelps*, 105 U. S. 393, 400. The basis of recovery in such case is that "the plaintiff holds an obligation incurred by trustees in the course of their duty in administering the trust fund out of which satisfaction is sought by the plaintiff." *Frost* v. *Thompson*, 219 Mass. 360, 365.

In order that this principle may be invoked, a right by the trustee to indemnity out of the trust fund must first be established. Otherwise there is no obligation, property or interest of the trustee to be reached and applied on the debt of the plaintiff. G. L. (Ter. Ed.) c. 214, § 3 (7). When a trustee acts according to his best judgment and in good faith he ought to be protected "although he may make some trifling mistakes in doubtful matters." *Root* v. *Yeomans*, 15 Pick. 488, 495. *Anderson* v. *Bean*, 272 Mass. 432, 447. *Taylor* v. *Davis' Administratrix*, 110 U. S. 330, 335. *Hardoon* v. *Belilios*, [1901] A. C. 118, 124, 125.

The declaration of trust in the case at bar constituted the chart by which Henderson must be guided in his administration of the trust. That declaration was unequivocal in its terms as to the conduct of the trustees in executing their duties. It was specific as to the manner of making contracts and as to certain clauses to be inserted in all contracts. That declaration of trust was a matter of public record. It required two trustees to act in signing a contract, and to insert in such contract a clause exonerating the trustees and shareholders from personal liability. In these particulars Henderson violated the declaration of trust. The finding is definite that he "acted improperly." The evidence supporting that finding is not reported. Personal obligation was incurred by Henderson solely because he violated the terms of the declaration of trust. *Downey Co.* v. *Whistler*, 284 Mass. 461, 466. If he had performed his duty, he would not have been liable personally. It would have been no excuse to relieve him from

personal liability if he had been ignorant of the scope of his duties or of the legal responsibilities imposed on him by the declaration of trust. *Pierce* v. *Prescott,* 128 Mass. 140, 145–147. *Ashley* v. *Winkley,* 209 Mass. 509, 528. There is no finding, however, that he was thus ignorant. He bound himself personally by giving his notes, one to the order of the plaintiff and another to the order of the interveners. This was but further recognition of his personal liability under the contracts. It does not fortify any claim against the trust.

In these circumstances no right in Henderson to reimbursement out of the trust has been established. Such right cannot arise in the face of the express provisions of the declaration of trust designed to prevent any encumbrance of the trust property by the trustees or either of them.

The contracts bound Henderson personally. The mere fact that the defendant may have received benefit from the work and materials furnished by the plaintiff and by the interveners does not warrant the relief here sought. *Tuttle* v. *First National Bank of Greenfield,* 187 Mass. 533, 535. The defendant cannot be held responsible under the clause of the declaration of trust to the effect that the trustees are liable only for "wilful defaults" under the doctrine of *Warren* v. *Pazolt,* 203 Mass. 328, 347, 351, 352. In the case at bar Henderson is not being held liable for wilful defaults. It is here sought to indemnify him for debts for which he voluntarily made himself liable contrary to his express obligation under the declaration of trust and he cannot be reimbursed therefor. The theory of unjust enrichment and the following of misappropriated funds, worked out in *Newell* v. *Hadley,* 206 Mass. 335, 343, to accomplish justice between different estates which had suffered from the fraudulent conduct of a single defaulting trustee, has no application to the facts here disclosed.

*Decree affirmed.*