THE BOSTON FIVE CENTS SAVINGS BANK *vs.* TRUSTEES OF THE METHODIST RELIGIOUS SOCIETY IN BOSTON & others.

SAME *vs.* SAME.

Suffolk. December 3, 1935. — October 28, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Trust,* Identity of beneficiary, Charitable. *Equity Jurisdiction,* To reach and apply equitable assets.

The mere facts, that trustees of a public charitable trust, of which a local religious society was the beneficiary, paid to the treasurer of a corporation which held title to real estate used for the society's religious activities sums of money to be applied for payment of taxes upon and repair of such real estate and interest upon notes of the corporation, given for money borrowed by the corporation and used for the society and secured by mortgages upon the real estate, and that a quarterly conference, which had authority to define how and in what circumstances the property held by the trustees should be made available and was the supreme authority of the local society, had directed the trustees to use trust funds to pay off the mortgages, gave the corporation no equitable right in the trust fund which the mortgagee could reach in a suit against the corporation and the trustees under G. L. (Ter. Ed.) c. 214, § 3 (7), especially where the quarterly conference, acquiescing in a refusal of the trustees to comply with its direction, opposed maintenance of the suit.

TWO BILLS IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on June 30 and July 3, 1933, and transferred to the Superior Court.

In the Superior Court, the bills were amended and the State Street Trust Company was permitted to intervene. The suits were heard by *Gray,* J., by whose order there were

entered final decrees dismissing the bills as to the plaintiff and the intervener, and they appealed.

*R. G. Dodge, (H. S. Davis, E. C. Jenney, & F. P. Harrison* with him,) for the plaintiff.

*A. B. Carey,* for State Street Trust Company.

*V. P. Clarke, (G. S. Parker* with him,) for Quarterly Conference of the Methodist Religious Society in Boston.

*A. G. Sleeper, (F. M. Ryder & R. M. Robinson* with him,) for Melburn W. Colpitts and others, trustees.

The contentions of the plaintiff, as set forth in its brief, were in substance as follows: That the corporation, Trustees of the Methodist Religious Society in Boston, having executed mortgage notes in the interest of the local religious society and at its request, was entitled to be exonerated by the local society with respect to liability on the notes; and that the plaintiff, as mortgagee creditor of the corporation, was entitled to the benefit of any remedy of which the corporation might avail itself if it were suing for exoneration, and therefore was entitled to reach the fund held by the trustees of the Jackson-Binney trust.

RUGG, C.J. The object of these suits is to cause a fund held by the present trustees under a deed from William Hall Jackson to Amos Binney and others, trustees (dated March 24, 1806, hereafter called the Jackson-Binney trust), to be applied in satisfaction of two mortgage notes executed by the defendant the Trustees of the Methodist Religious Society in Boston, a Massachusetts corporation established by St. 1809, c. 70, as amended by St. 1828, c. 144. It hereafter will be called the corporation.

The parties to the suits aside from the plaintiff are (1) the corporation, (2) the persons at present constituting the trustees of the Jackson-Binney fund, who were appointed by virtue of a decree of the Supreme Judicial Court and who hold and administer that fund, (3) the Quarterly Conference of the local unincorporated religious society using the church buildings here involved, added as a defendant during the trial, and (4) the State Street Trust Company, which has been permitted to intervene for the protection of its interest in a mortgage, on a parcel of real estate

on Tremont Street owned by the corporation, securing an overdue note. Individual members of the corporation were originally joined as defendants but their demurrers were sustained and they have passed out of the case. The Attorney General filed a disclaimer.

The cases were heard together in the Superior Court. There was introduced in evidence considerable oral testimony, the records of the corporation, of the trustees of the Jackson-Binney fund and of the Quarterly Conference of the local unincorporated religious society, and the master's reports in three cases in which this trust has been before the court, namely *Crawford* v. *Nies*, 220 Mass. 61, *Crawford* v. *Nies*, 224 Mass. 474, and *Attorney General* v. *Armstrong*, 231 Mass. 196. The trial judge found material facts as set forth in an order for decree and subsequently, on request, found additional material facts. He ordered a decree to be entered in each case dismissing the bill and dismissing also the prayers of the State Street Trust Company. Final decrees were entered accordingly, from which the plaintiff and the intervener appealed.

The facts as found by the trial judge do not appear to be in dispute. So far as relevant to the grounds of this decision, they are these: The suit in the first case is on a note of the corporation executed and delivered to the plaintiff in December, 1928, secured by a mortgage on its real estate at the corner of Newbury and Exeter streets in Boston. The suit in the second case is on a note of the corporation executed and delivered to the plaintiff in November, 1925, secured by a mortgage on its real estate at the corner of Columbus Avenue and Berkeley Street in Boston. Both notes are due and unpaid and there is default with respect to both mortgages. The trust property described in the Jackson-Binney deed of 1806 consisted of real estate on Bromfield Street in Boston, which was used as a place of worship until 1913, when it was sold and the present trust fund established. The beneficiary under that original trust deed was the unincorporated religious society worshipping in the building on Bromfield Street. That unincorporated religious society, known as the Methodist Religious Society in Boston, was

organized about 1794. It is and always has been a local church or charge of the Methodist Episcopal Church in the United States of America. Its name has not been changed. It has continued to be the beneficiary of the Jackson-Binney trust to the present. That local religious society (as it hereafter will be called) was merged with another similar society by the bishop in accordance with the discipline of the church. By later action of the bishop in conformity to church discipline, it now comprises two local branches, one worshipping in the Tremont Street church which was subject to a mortgage to the intervener, and the other in the Newbury Street church, called also the Copley church, on which the plaintiff holds the mortgage securing the note mentioned in the first suit. The other mortgage held by the plaintiff is on property on Columbus Avenue formerly used as a place of worship by a branch of the local religious society, but the building was condemned by the city authorities and torn down. The legal title to the three parcels of real estate subject to these mortgages is in the corporation. The Quarterly Conference is the sole governing board of that local religious society, subject to the annual and general conferences of the church, and consists of approximately fifty members of the local religious society selected in accordance with the church discipline. The corporation was organized because, as stated in the petition for the act of incorporation by those petitioning therefor, who were the trustees under the Jackson-Binney deed, they were the proprietors of certain lands for the use of the local religious society and found it inconvenient to manage the pecuniary affairs of the trust established by that deed for the benefit of that society for want of suitable powers. After the act of incorporation the Jackson-Binney trustees conveyed title to the property to the corporation and the corporation continued to hold title until proceedings challenging its right in the property were successfully prosecuted in 1891 in the Supreme Judicial Court. During all of this period, however, the corporation held the property in trust for the local religious society. The proceedings just referred to were brought in behalf of the local religious society, which claimed to be the beneficiary of the trust, denied

that the corporation had any right or interest in the property, legal or equitable, and sought the appointment by the court of trustees in accordance with the Jackson-Binney deed in place of the original trustees, all of whom had died without successors being named. The final decree, entered by consent of the corporation, appointed nine trustees under the Jackson-Binney deed, ordered the corporation to convey the trust property to these trustees, and provided that the trustees appointed by the decree "hold, manage or convey said estate upon the trusts and for the purposes as set forth in" the Jackson-Binney deed. The corporation complied with the decree and conveyed the property to the so called court trustees, and from the date of that conveyance the corporation has had no interest, legal or equitable, in the real estate so conveyed or in the fund which now stands in place of the real estate. The beneficiary of the trust fund is now, as it always has been, the local religious society, and the corporation, which alone signed the plaintiff's notes, has no interest in that property. For many years prior to April 1, 1933, the Jackson-Binney trustees appointed by the court used the accumulations of the trust fund for the purpose of paying taxes, interest on the plaintiff's mortgages and repairs on the properties covered by the mortgages. In order to accomplish this purpose, checks were given by the trustees to the treasurer of the corporation, who in turn made the actual payments. This, however, did not make the corporation the beneficiary of the trust; the beneficiary was established by the terms of the Jackson-Binney trust.

The plaintiff relies also upon certain votes and resolutions passed by the Quarterly Conference in December, 1931. Those votes in substance authorized and directed the trustees to pay the mortgages held by the State Street Trust Company and the plaintiff by sale of the securities in the hands of the trustees, provided they could be sold at their book value, and, if not, directed the trustees to turn the securities over to the mortgagees as collateral upon an agreement that they would be sold only at their book value and when so sold the proceeds applied to the payment of the mortgages. Further direction was given to pay the State

Street Trust Company mortgage first, and then the Exeter Street-Newbury Street mortgage, and finally the Columbus Avenue mortgage. Notice of these votes was given to the plaintiff on January 2, 1932. The Jackson-Binney trustees appointed by the court were given certified copies of the votes at about the same time and promptly voted to refuse to comply with the directions given by the Quarterly Conference. The Quarterly Conference took no further action to enforce its votes and, in 1933, passed a vote with respect to the income of the trust fund which is so far inconsistent with the votes above referred to as to warrant the inference that the Quarterly Conference acquiesced in the refusal of the trustees to comply with the votes. Further, the Quarterly Conference has been named as a party to this suit by an amendment duly allowed and, while it is not properly a party because it cannot be sued by name, it has nevertheless filed an answer and employed counsel who appeared at the trial and contested the plaintiff's rights in the trust fund and incidentally opposed the carrying out of the votes above mentioned. It is the plaintiff's contention that the Jackson-Binney trustees appointed by the court are subject to the directions of the Quarterly Conference as to the objects for which they will use the trust fund, that the votes above referred to are therefore a binding direction to the trustees to use the fund in liquidation of the plaintiff's mortgages, and that the plaintiff thereby acquired a right in the fund which it can enforce in this proceeding. The funds obtained by the corporation by the mortgages given to the plaintiff were used and expended for the benefit of the local religious society which worshipped in the Tremont Street church and the Copley church. The corporation holds the legal title to the real estate described in the mortgages to the plaintiff in trust for the use of the local religious society, subject to certain further conditions. The Quarterly Conference of that society has approved the placing of these mortgages. The assets of the corporation are insufficient to satisfy the debts due to the plaintiff.

The conclusion of the trial judge was stated in substance as follows: The difficulty with the plaintiff's case is that

neither in its own right nor as asserting rights of the defendant corporation has the plaintiff any standing to raise the question whether the trustees of the Jackson-Binney fund appointed by the court should obey the vote of the Quarterly Conference, because both the plaintiff and the defendant corporation are strangers to the trust. Further, even though the Quarterly Conference had given directions for the payment of the mortgages which it could compel the trustees of the Jackson-Binney fund appointed by the court to obey, it is for the Quarterly Conference to determine, after refusal by the trustees to comply with the directions, whether to acquiesce in the decision of the trustees or to enforce the beneficiaries' rights. Certainly, neither the plaintiff nor the corporation acquired any interest in the trust fund as the result of the Quarterly Conference votes, especially where there is no evidence that either acted in reliance upon the votes. It is likewise clear that the Quarterly Conference has acquiesced in the refusal of the trustees of the Jackson-Binney fund appointed by the court to carry out the votes, and is now actively opposing the carrying out of the votes. It should further be noted that none of the mortgagees have accepted the method of liquidation of their mortgages contemplated by the votes of the Quarterly Conference.

The trial judge therefore found that the plaintiff is not entitled to reach the fund in the hands of the trustees of the Jackson-Binney fund appointed by the court, and, since there are pending law actions tried herewith on the plaintiff's notes against the defendant corporation, there is no occasion to establish the corporation's debt in these suits. This renders it unnecessary to consider the further question of the validity of the votes and resolutions of the Quarterly Conference arising from the fact that they involved the termination of the trust and the transfer of the entire trust property to the control of others than the trustees. For like reasons the intervener, the State Street Trust Company, is not entitled to the relief prayed for in the amendment to its answer. The request of the intervener for a ruling that the votes of the Quarterly Conference on December 14, 1931, constituted a declaration of trust for the benefit of the mortgagees, and

that the funds in the hands of the trustees of the. Jackson-Binney fund appointed by the court became impressed with a trust in favor of the mortgagees, was denied.

The present suits are brought under G. L. (Ter. Ed.) c. 214, § 3 (7), to reach and apply "any property, right, title or interest, legal or equitable, of a debtor . . . which cannot be reached to be attached or taken on execution in an action at law." That statute affords a method of reaching property of a debtor defendant. *Geer* v. *Horton,* 159 Mass. 259, 261. The plaintiff cannot maintain these suits unless the corporation as the debtor defendant has property, right, title or interest in the Jackson-Binney fund held by the trustees appointed by the court. *Pettibone* v. *Toledo, Cincinnati, & St. Louis Railroad,* 148 Mass. 411, 417. The finding is explicit that, when those trustees were appointed and took possession of that fund, the corporation conveyed the property to those trustees and since that time has had no interest in that fund. It is not the beneficiary of that fund. The sole beneficiary of. that fund is . the local religious society heretofore described. That local : religious society is not a debtor to the plaintiff. The Jackson-Binney fund held by the trustees appointed by the court, so far as not needed for the repair and maintenance of the building or buildings used by that local religious society, is to be devoted to the benefit of that society in accordance with the rules and discipline of the Methodist Episcopal Church. The Jackson-Binney trust is a public charitable trust in perpetuity and has been administered as such by the trustees appointed by the court, the beneficiary of which is the local religious society worshipping formerly in the Bromfield Street church and now in the Tremont Street church and the Copley church. *Attorney General* v. *Armstrong,* 231 Mass. 196, 201, 206. It has been held that "the quarterly conference is the medium which has authority to define how and under what circumstances the use of property held" under the Jackson-Binney trust "shall be made available, and is the supreme authority of the local" religious society. *Attorney General* v. *Armstrong,* 231 Mass. 196, 209, 210. The cor-

poration not only has no interest in the Jackson-Binney trust but it has no authority to incur obligations against that fund. Although the corporation is the agency through which is managed the real estate occupied and used by the local religious society, it has no relation to that trust. It is the contention of the plaintiff that the Quarterly Conference has authority to determine how the property of the Jackson-Binney trust shall be made available for the benefit of the local religious society and has passed appropriate votes to cause the debts due to the plaintiff to be paid. There is no finding that the plaintiff has acted in reliance upon those votes. In any event the plaintiff has no standing to compel the Jackson-Binney trustees appointed by the court to conform to the direction of the Quarterly Conference. That direction relates to the internal administration of the trust as to which neither the plaintiff nor the corporation has a standing to litigate in these suits. Whatever may be the rights and powers of the Quarterly Conference with respect to the trust, the plaintiff does not possess those rights and powers. It cannot compel the Quarterly Conference to act. The Quarterly Conference has answered and is opposing these suits. Its attitude is hostile to the plaintiff and to the intervener. *Brigden* v. *Gill*, 16 Mass. 522. In these circumstances the court will not interfere as to the disposition of the Jackson-Binney trust at the suit of a third party showing no interest in the trust. *Slattery* v. *Wason*, 151 Mass. 266, 268. The nature of the Jackson-Binney trust and its beneficiaries has been considered at large in *Crawford* v. *Nies*, 220 Mass. 61, *Crawford* v. *Nies*, 224 Mass. 474, and *Attorney General* v. *Armstrong*, 231 Mass. 196. Trustees to administer that trust have been appointed by the court. It is plain that those trustees have incurred no obligation to the plaintiff. They cannot be compelled in these suits to make disposition of that fund for the benefit of the plaintiff, except by order of the court touching the administration of the trust. The plaintiff has no standing to invoke that relief or the remedy here sought. *Congregational Church Union of Boston* v. *Attorney General*, 290 Mass. 1, 8. The principle

that the creditor of a trustee, in certain instances entitled to reimbursement, may go directly against the trust estate is inapplicable, because the plaintiff is seeking to reach a public charitable trust in the hands of trustees appointed by the court in order to pay a debt incurred by one who had no interest in that trust. Cases like *Downey Co.* v. *282 Beacon Street Trust,* 292 Mass. 175, 178–179, and the decisions there collected are not controlling on the facts here disclosed. The nature of the Jackson-Binney trust and the method of its administration as established by *Attorney General* v. *Armstrong,* 231 Mass. 196, constitute a bar to these suits.

The plaintiff has no standing to require the Jackson-Binney trustees to comply with the vote of the Quarterly Conference. Here again the corporation which is the debtor of the plaintiff has no connection with the trust. The vote of the Quarterly Conference was not the equivalent of an assignment of the interest of the beneficiary in the fund in any such sense as enables the plaintiff to enforce it.

The State Street Trust Company as intervener stands in no better position than the plaintiff. It follows that the final decree in each suit dismissing the bill and the prayers of the intervener is affirmed.

*Ordered accordingly.*