RICHMOND IRON WORKS vs. MARY L. HAYDEN, administratrix.

Berkshire.    September 13, 1881; January 27. — 31, 1882.

A corporation brought an action against an administrator upon a contract made with his intestate, by which he agreed to cut the hemlock trees on a certain lot of land, to peel the bark from them and deliver it at a certain tannery, and to receive as his compensation the logs or timber after the bark was peeled off. The plaintiff offered no evidence as to who was the agent who acted for the corporation; but relied upon admissions of the intestate before his death that he had made a contract substantially like that declared on. The defendant then offered evidence that, at or about the time when the plaintiff alleged the contract sued on to have been made, his intestate made a contract with T., acting as the plaintiff's agent, which was identical in its terms with the contract sued on; that he proceeded under the contract to cut and peel trees on the lot described in the declaration; that he did not draw the bark, because S. claimed the premises; that he notified T. by letter of S.'s claim, and received in reply a letter from T. in which he directed him not to draw the bark until he should come and run the lines. Held, that there was evidence, aside from T.'s acts and declarations, that T. was the agent of the plaintiff; and, this being established, that T.'s acts and declarations were admissible in evidence.

MORTON, C. J.    The only question presented by this bill of exceptions is whether the court rightly admitted the acts and declarations of Taylor. This depends upon the question whether there was competent evidence to show that Taylor was the agent of the plaintiffs.

The established rule is, that acts or declarations of a supposed agent cannot be put in evidence to affect the rights of the alleged

principal, unless there is proof of the fact of agency, and this cannot be proved merely by his own admissions or assertions. *Haney* v. *Donnelly*, 12 Gray, 361.

A majority of the court is of opinion that in this case there was evidence, independently of the declarations of Taylor, sufficient to justify the jury in finding that he was the agent of the plaintiff.

The course and circumstances of the trial were peculiar. The plaintiff sues upon a contract made with the defendant's intestate, by which he agreed to cut the hemlock trees on the lot described in the declaration; to peel the bark from them and deliver it at the tannery of Tinker & Sons, and to receive as his compensation the logs or timber after the bark was peeled off.

The only evidence offered by the plaintiff of the making of the contract by the intestate consisted of admissions made by him before his death, that he had made a contract substantially like that set out in the declaration. The plaintiff, being a corporation, necessarily made the contract sued on through some agent. It called as a witness its general agent, who alone had authority to make the contract, either personally or through some agent authorized by him. He did not testify that he made the contract himself, or that he authorized any other person than Taylor to make it, or that Taylor was not authorized to make it, though the fair presumption is that he knew who was the agent authorized to enter into the contract with the intestate. The plaintiff offered no evidence as to who was the agent who acted for the company, relying solely upon the admissions made by the intestate, as above stated.

In this state of the case, the defendant offered evidence to show that at a time which may have been, and by fair inference appears to have been, at or about the time when the plaintiff alleges the contract sued on to have been made, her intestate made a contract with one Taylor, acting as agent of the plaintiff, which is identical in its terms with the contract sued on; that he proceeded under said contract to cut and peel trees on the lot described in the declaration; that he did not draw the bark, because one Strickland claimed the premises; that he notified Taylor by letter of said Strickland's claim, and received

in reply a letter from Taylor, in which he directed the intestate not to draw the bark until he should come and run the lines.

We are of opinion that this evidence was admissible. It showed the facts, that the intestate made a contract, like the one relied on by the plaintiff, with Taylor; and that under it he did the acts of cutting and peeling which the plaintiff proved. It tended to account for and explain the admissions upon which the plaintiff rested its case. Taking it in connection with the other evidence in the case, and with the apparent suppression of the truth by the plaintiff in not informing the jury through its general agent, who was a witness and who had knowledge of the truth, as to who was the agent who made the contract with the intestate, we think it was not an unreasonable inference for the jury to make, that no other contract was made or proved than that one which the intestate made with Taylor. If the jury were satisfied of this, then the fact that the plaintiff was prosecuting a suit upon this contract is strong, if not conclusive evidence, as against the plaintiff, that Taylor was its agent authorized to make the contract.

If Taylor was such agent, the presumption is that his agency continued during the execution of the contract. It fixes no time within which it was to be executed. From its nature it contemplated that a considerable time would be spent in its execution. The jury might fairly infer, in the absence of evidence to the contrary, that Taylor's agency continued while the contract was being carried into execution, and therefore the letter of Taylor giving directions to the intestate as to the execution of the contract was within the scope of his authority, and binding upon his principal, and was rightly admitted. *Burgess* v. *Wareham*, 7 Gray, 345.                          *Exceptions overruled.*

The case was argued at the bar in September 1881, and afterwards submitted on briefs to all the judges.

*H. C. Joyner & A. B. Clark*, for the plaintiff.

*J. Branning*, for the defendant.