ANTHONY AND COWELL COMPANY *vs.* ANSON BROWN & another.

Norfolk.   March 7, 1913. — May 21, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DE COURCY, JJ.

*Agency,* Existence of relation. *Evidence,* Of authority of agent. *Practice, Civil,* Conduct of trial, Exceptions. *Bills and Notes,* Validity. *Duress.*

At the trial of an action by a Rhode Island corporation against an aged man and his wife of Foxborough as makers of a promissory note, a defense was that the defendants were induced by duress to sign the note to satisfy a debt of their son, and evidence was admitted, subject to exceptions by the plaintiff, tending to show that a person wearing a blue coat and brass buttons came to the defendants' house and said in a rough manner that he would take no promise but that he was going to have the money or their son and that he had a writ or warrant, which he called a "tool," to take him with; and that in consequence of such threat the defendants went to Providence and signed the note for the plaintiff. There also was evidence that an officer of the plaintiff in conversation with the defendants in Providence had referred to "his policeman that he sent out," and that later such officer had told another witness that the defendants had come to Providence "to keep . . . their son from being arrested."

The jury were instructed that they should not consider the evidence as to the statements of the so called policeman unless they found that he went to the defendants with authority from the plaintiff. *Held,* that, aside from the inherent probability of the facts, there was evidence that the so called policeman was acting with authority from the plaintiff and that the evidence as to his statements was admissible.

The order in which evidence shall be introduced at a trial is within the discretion of the presiding judge.

In an action against the maker of a promissory note where the defendant relies on the defense that he was induced to sign the note by duress exercised upon him by a threat, the defendant need not prove that the threat was such as to overcome the mind of an ordinary man, if he proves that it was such as to overcome his mind in the condition in which he was when he signed the note.

At the trial of an action against the maker of a promissory note, an incorrect ruling by the presiding judge upon the question, whether there was a consideration for the note, becomes immaterial if the jury under proper instructions find that the note was procured by duress.

CONTRACT upon a promissory note. Writ in the District Court of Western Norfolk dated August 13, 1908.

On appeal to the Superior Court, the case was tried before *Sherman,* J. The material facts are stated in the opinion. The plaintiff's fifth, eighth and tenth requests for rulings there referred to were as follows:

5. "Threat of legal process is not such duress, for the party may plead, and make proof, and show that he is not liable."

8. "In this case there is no evidence to show that the note was given upon an agreement or understanding that any offense committed by Asher Brown should not be prosecuted."

10. "If the note was given in consideration of embezzlement or larceny of goods from the payees, the note cannot be avoided on the ground of duress, merely because the fear of the arrest of Asher Brown and imprisonment if he failed to pay, was one of the inducements to the defendants to make the note."

The jury found for the defendants; and the plaintiff alleged exceptions, which, after the resignation of *Sherman,* J., were allowed by *Pierce,* J.

*J. L. Sheehan,* for the plaintiff.

*F. M. Copeland,* for the defendants.

DE COURCY, J. This is an action of contract on a promissory note, dated September 17, 1907, and payable to the order of the plaintiff, a Rhode Island corporation. The principal defenses are duress and want of consideration.

The defendants Anson Brown and Mary B. Brown, husband and wife, were aged respectively eighty-seven and eighty-six years; and there was a conservator for the property of each. At some time before the date of the note Asher Brown, a married son of this aged couple, had bought certain furniture from the plaintiff on a conditional bill of sale or lease, and on September 17, 1907, the balance due on the furniture was $214.46. On that day the defendants went from their farm at Foxborough in this State to the plaintiff's place of business in Providence and had an interview with an employee of the plaintiff, its treasurer and its attorney. While there they signed some papers, and they admit as theirs the signatures on the note and on the agreement hereinafter mentioned.

1. In support of the defense of duress the defendants, more particularly Anson Brown, testified in substance that on the day before they went to Providence a policeman, a large man with a blue coat and brass buttons, came to their house and in a rough manner told them that he would take no promise but that he was going to have Asher or the money, and that he had a writ or a warrant (which he called a tool) to take him with; that he talked about taking Asher there and then and carrying him to Dedham; and that he (Anson Brown), thinking that his son was to be taken to jail, told the man that he would go and see Mr. Cowell (the plaintiff's treasurer) "pretty quick," and see if he could not make it right, "so he [Mr. Cowell] wouldn't arrest him."

The exceptions to the admission of this testimony must be overruled. Admittedly the declarations and acts of this supposed agent could not be put in evidence to affect the rights of the plaintiff unless there was proof of the fact of agency. But there was evidence, independently of the declarations of the policeman, to warrant the jury in finding that he was sent by the plaintiff. Aside from the inherent probability in the facts disclosed that the so called policeman was the plaintiff's agent, there was testimony that at the conversation with Anson Brown when the note was signed, Mr. Cowell referred to "his policeman that he sent out;" and the witness George Everett Brown testified to a conversation with Mr. Cowell in January, 1908, in which the latter said that the defendants came to Providence "to keep Asher Brown, their son, from being arrested." The order in

which the evidence should be admitted was within the discretion of the presiding judge; and the jury were instructed not to consider the statements of the so called policeman unless they should find that he came by the authority of the plaintiff; — and they were further told that the burden of proving this was on the defendants. *Richmond Iron Works* v. *Hayden,* 132 Mass. 190. *Proprietors of Liverpool Wharf* v. *Prescott,* 4 Allen, 22. *Nowell* v. *Chipman,* 170 Mass. 340.

2. The judge fully instructed the jury on the subject of duress, telling them among other things that the burden was on the defendants to show that they were frightened by threats of imprisoning their son, and were overcome by that influence in signing the note. At the close of the charge the plaintiff excepted to the failure of the judge to give certain rulings that were requested. Some of these may be disposed of briefly. The first four requests are not set forth in the exceptions. The fifth apparently refers to a threat to enforce legal process by civil action, and was not applicable to the facts in the case. The sixth was given as construed by the judge and no exception was saved. The seventh is not argued and was properly modified. The eighth was rightly refused, as there was evidence upon which the jury could find that the defendants understood that the plaintiff threatened to arrest Asher Brown, and that by their signing the note the arrest would be averted. The judge rightly refused to give the tenth request as not pertinent to the facts. The eleventh was given as properly modified. The twelfth was given in terms. The fourteenth was adequately covered by the charge.

3. The thirteenth ruling requested was: "The burden is on the defendants not only to prove that the defendants were so influenced, but that the means used were such as would overcome the mind of an ordinary man." This the judge modified by saying that "the inducement must have been such as to overcome the minds of these people in the condition in which they were then." Upon the evidence in the case at bar it could be found that the defendants, who were aged and feeble, were not persons of ordinary courage and firmness. A physician who examined them on June 17, 1907, then concluded that they needed somebody to take care of them, and were incapable of managing their property interests. If the plaintiff's threats to imprison their son over-

powered their free will and induced them to sign the note which they would not voluntarily have executed, they may repudiate the contract on the ground of duress, even though the threats would not influence persons differently constituted. *Silsbee* v. *Webber*, 171 Mass. 378.

4. In the cross-examination of Anson Brown the plaintiff's counsel inquired as to his son Asher's being arrested by an officer and taken to Dedham jail for stealing chickens; and the witness admitted that such an occurrence took place, but said that it happened some time after the note was given, and that the officer who arrested him was not the man who came to the defendants' house in relation to the plaintiff's claim. Asher was not a witness in this case. As the judge stated in the course of his charge, and later, when objection was made thereto, the only portion of this testimony that was competent and legitimate was the fact that an officer not connected with the plaintiff did call at the house of the defendants for the purpose of seeing the son Asher, from which it could be argued that this was the man with the blue coat and brass buttons whom the defendants mistakenly connected with the plaintiff. Although the language of the judge was somewhat emphatic in cautioning the jury that the evidence that the boy was arrested for stealing chickens was not competent as evidence in the case and should not prejudice these defendants, we cannot say that the judge improperly charged the jury on the facts.

5. On the subject of forbearance to sue as a good consideration for the note as set forth in the written agreement signed by the defendants, the judge was in error in refusing to rule substantially as requested, especially in view of the way this subject was dealt with in the charge. This however does not entitle the plaintiff to a new trial, as the jury found specially that when the defendants signed the note they were acting under the duress of the plaintiff, and the question of consideration thereby became immaterial.

*Exceptions overruled.*