Samuel Grace & another *vs.* Horace E. Monroe.

Norfolk.    January 4, 1932. — September 12, 1932.

Present: Rugg, C.J., Crosby, Wait, & Field, JJ.

*Evidence*, Of agency, Relevancy.  *Agency*, Scope of authority.  *Practice, Civil*, Report to Appellate Division; Conduct of trial: order of proof.

No prejudicial error was shown in the admission in evidence, at a hearing in a municipal court, of an answer to a certain question which, it was contended, was so general that a responsive answer thereto might be irrelevant, where it did not appear on the entire record that the objecting party was harmed by the answer, although the trial judge properly might have required counsel to make his question more specific.

No error was shown in the admission in evidence of a conversation with one contended by the defendant to be an agent of the plaintiff although at the time of such admission there was no evidence of such agency, if evidence of agency afterwards was introduced; it was within the discretionary power of the trial judge to determine the order of proof.

At the trial of an action of contract to recover rent alleged to be due under a lease, where an issue was, whether a son of the plaintiff had authority from the plaintiff to waive a provision of the lease respect-

ing a notice in writing as to termination of the lease, a finding that the son had such authority was warranted by evidence that the plaintiff had told the son "to help the janitor rent the apartments"; that the son at times had directed the janitor as to his duties; that rents collected had been turned over to the son as well as to the plaintiff; that at one time the plaintiff had said that the son "was to take charge of renting the apartments"; and that the defendant had had a conversation with the son as to the waiver in question and the son had said, "All right, go ahead, and we hope you will stay here, we do not want you to leave."

CONTRACT for rent. Writ in the Municipal Court of Brookline dated February 27, 1930.

Evidence and rulings at the trial in the Municipal Court before *Healy*, J., are stated in the opinion. The judge found for the defendant and reported the action to the Appellate Division for the Southern District. The report was ordered dismissed. The plaintiffs appealed.

*A. J. Zimmerman,* (*S. Zimmerman* with him,) for the plaintiffs.

*F. B. Wallis,* for the defendant.

FIELD, J. This is an action of contract brought in a municipal court to recover rent for the period from December 1, 1929, to March 1, 1930, under a written lease. There was a finding for the defendant and a report to the Appellate Division which was dismissed. The plaintiffs appealed.

The defendant, by a written lease signed by him August 2, 1926, leased from the plaintiffs, the owners, an apartment in Boston for one year with the provision in the lease that notice in writing should be given before July 1, 1927, to terminate it August 31, 1927, or it would remain in force from year to year. At the trial it was agreed between the parties that if there was a waiver of this provision binding upon the lessors no money was due from the defendant to the plaintiffs. The trial judge found that Samuel Price, a son of the plaintiff Morris J. Price, having authority to act for the lessors, waived such written notice and accepted the defendant as a tenant at will after September 1, 1927.

The finding of waiver of the written notice required for termination of the lease was based on evidence of a conversation between Samuel Price and the defendant, admitted

over the plaintiffs' objection.  The only contention argued by the plaintiffs is that this evidence was admitted wrongly.

The defendant testified that in the spring of 1927, before July 1, 1927, he had a conversation with Samuel Price. Over the plaintiffs' objection he was asked by his counsel: "What was the conversation?"  He answered, so far as is here significant, "I told Mr. Price that I should not sign up for another lease, if he would let me proceed from September 1, 1927, as a tenant at will from month to month, each having the right to terminate on thirty days' written notice, I would stay for an indefinite period, otherwise I would give notice and get out by August 31, 1927, to which he replied, 'All right, go ahead, and we hope you will stay here, we do not want you to leave.'"  Mary P. Doyle, a witness called by the defendant, testified that she was employed by the plaintiffs to work in the apartment house in which the leased apartment was located, and that a conversation took place in her apartment between Samuel Price and the defendant.  Over the plaintiffs' objection she was permitted to testify to the conversation and corroborated, in substance, the testimony of the defendant as to what was said.

The plaintiffs contend (a) that the testimony of the defendant was admitted wrongly because the question was so general that a responsive answer thereto might be irrelevant, and because at the time it was answered no evidence had been introduced connecting Samuel Price with the case; (b) that the testimony of the witness Doyle was admitted wrongly, because when admitted no evidence had been introduced of the authority of Samuel Price to waive the written notice required for termination of the lease, and (c) that the testimony of both witnesses was admitted wrongly because, even if evidence introduced later is to be taken into consideration — contrary to the plaintiffs' contention — there was no such evidence of the authority of Samuel Price to waive the written notice as would make the testimony objected to admissible.

The judge might properly have required counsel for the defendant to make more specific the question asked of

the defendant, but the plaintiffs' prejudice, if any, is to be measured by the actual answer, not by possible responsive but irrelevant answers which were not made. The defendant's testimony as to his conversation with Samuel Price, and the corroborative testimony of the witness Doyle, were relevant if Samuel Price had authority to act for the plaintiffs in the matter. The order of proof of this conversation and of the authority of Samuel Price to act for the plaintiffs in making the arrangement disclosed by the conversation were discretionary with the trial judge. Consequently the admission of testimony to the conversation, when no evidence of Samuel Price's authority was before the court, was not error if evidence of his authority was introduced later. *Sanford* v. *Orient Ins. Co.* 174 Mass. 416, 422. *Anthony & Cowell Co.* v. *Brown*, 214 Mass. 439, 441–442.

Though the evidence in the case was contradictory, there was evidence before the trial ended sufficient to support the finding that Samuel Price was authorized in behalf of the plaintiffs to waive written notice for the termination of the lease, under the circumstances disclosed. He was a son of the plaintiff Price. He testified that his father told him "to help the janitor rent the apartments." The witness Doyle, whose husband, according to the evidence, was janitor of the apartment house from 1926 to 1929, not only testified to the conversation between the defendant and Samuel Price, but also testified that she had seen Samuel Price often; that in June, 1927, she heard him tell her husband to clean apartments; that she collected rents and turned them over to the plaintiff Grace and to Samuel Price, and that at some time, which she could not fix definitely, the plaintiff Grace told her that Samuel Price "was to take charge of renting the apartments." The plaintiff Grace testified that "he asked Samuel Price to help the janitor rent the vacant apartments," and that "he sent Samuel Price down to look after things while he was on his vacation," but fixed the date of these occurrences as in August, 1927. It could have been inferred from evidence which the judge could have believed that Samuel Price, at the time of the conversation in question,

had authority to rent apartments and that his authority included waiving the written notice required of the defendant for the termination of his lease — a notice which the defendant then had time to give — and permitting him to remain in possession as a tenant at will. See *Amory* v. *Kannoffsky,* 117 Mass. 351, 353.

Whether, in view of the unconditional admission of the testimony of the conversation, if no evidence of Samuel Price's authority had been introduced the plaintiffs could have availed themselves of their objections without moving to strike out the testimony objected to, need not be considered. Compare *Doon* v. *Felton,* 203 Mass. 267, 271–272; *Everson* v. *Casualty Co. of America,* 208 Mass. 214, 217–218.

<div align="right">

*Order dismissing report affirmed.*