ALFRED J. SILBERSTEIN INC. *vs.* WILLMOT A. NASH.

Suffolk.    April 13, 1937. — September 16, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Agency*, What constitutes, Scope of authority. *Practice, Civil*, Exceptions: general exception, what questions open; Variance; Parties.

Evidence warranted a finding that one to whom the entire handling of certain advertising over a considerable period was entrusted by the advertiser was his general agent with apparent authority to make contracts for the preparation and publication of the advertisements.

The fact that a principal had imposed upon his general agent's authority a limitation against making contracts binding the principal personally did not make unenforceable against him personally a contract made in his behalf by the agent within the scope of his apparent authority if the other party to it did not know of the limitation.

A general exception to the admission of an entire conversation, much of which was admissible, without specific objection to any part at the trial, could not be sustained.

No question of variance was open to a defendant under his exception to the denial of a request for a ruling that "on all the evidence" the plaintiff could not recover.

Under G. L. (Ter. Ed.) c. 227, § 15, an action of contract upon a joint obligation might be prosecuted solely against one obligor served with process where the others were nonresidents and were not served.

In an action of contract upon a joint obligation, recovery could be had under G. L. (Ter. Ed.) c. 235, § 6, against one defendant found to have promised, even if he promised alone.

CONTRACT. Writ in the Municipal Court of the City of Boston dated September 18, 1934.

Upon removal to the Superior Court, the action was heard without a jury by *Brogna*, J., who found for the plaintiff in the sum of $3,317.69. The defendant alleged exceptions.

*Ethelbert V. Grabill*, (*W. J. Good & Elliott V. Grabill* with him,) for the defendant.

*Lee M. Friedman*, (*C. W. Spencer* with him,) for the plaintiff.

LUMMUS, J. The defendant Nash as chairman, together with one Thompson, one Benkert and one Diefenbach, constituted a so called committee which in 1933 solicited the deposit with a named depositary of debenture bonds of Associated Gas & Electric Company, in order that united action might be taken by the committee on behalf of debenture holders against a plan for the rearrangement of the capital of that company advanced by it. Service was made on the defendant Nash only, and the plaintiff discontinued its action as against the other members of the committee, who were residents of New York.

The plaintiff is a New York corporation which operates an advertising agency. The claim of the plaintiff is for $3,835.61, of which $1,000 had been paid, leaving a balance of $2,835.61 with interest from September 1, 1933, for the preparation and publication of an advertisement in various newspapers between July 5 and July 22, 1933, soliciting the deposit of debenture bonds so as to bring them within the control of the committee, and refuting attacks upon the committee made by the company. The members of the committee expected to profit from a fee paid by each depositing debenture holder. The committee, if not a partnership, was a joint enterprise or adventure.

The plaintiff was employed by an attorney named Clark in New York, who was active in the formation of the committee and was its actual though not its nominal counsel. The principal question is whether he was authorized to pledge the credit of the defendant Nash. It is true, that the defendant Nash had sought to have the advertising written at and distributed from Boston, but he had yielded to the argument of Clark that "a certain advertising agency here [in New York, meaning the plaintiff] has done all

work in which I have been interested," that "I am accustomed to their ways and they to mine," and that "I much prefer to do all of the printing and advertising from New York, as this is the headquarters of the committee." The defendant Nash testified that Clark said that the printers and the advertising agency that he used in New York had done a lot of work on the basis that they would be paid only if the enterprise should be successful, and that after that Nash did not talk with anybody about printing or advertising, but left the matter to Clark. The judge found: "The arrangement for, and the arrangement of credit for, the placing of advertisements in the newspapers was left to Clark by the defendant [Nash] with the understanding that the members of the committee were not to be personally liable for it." The defendant Nash knew that the advertisements were being published, suggested changes in the form, and made no objection to the publication.

The agreement under which bonds were deposited provided that "neither any member of the Committee nor the depositary or its agents shall be liable for any indebtedness, obligations or liabilities incurred by, or at the instance of the Committee, but any and all indebtedness, obligations or liabilities incurred by, or at the instance of, the Committee shall be binding solely upon the deposited Debentures . . . ." But the plaintiff was not informed of this provision, and did not agree to look to the assets exclusively.

The judge, sitting without a jury, found "that in entering into the contract with the plaintiff Clark acted for and within his apparent authority as agent for the defendant [Nash]; and that the plaintiff had no knowledge of any limitation on the authority of Clark." He found generally for the plaintiff.

Clark was not a mere special agent for a particular occasion involving no continuity of service, like the agent in *Marquandt* v. *Boston Young Women's Christian Association*, 282 Mass. 28, 30. The whole matter of advertising was left to him, throughout a considerable period. Advertising was at that time the principal business of the committee, for it was the chief means of inducing bondholders

to deposit their debentures. In Am. Law Inst. Restatement: Agency, § 3, it is said that "A general agent is an agent authorized to conduct a series of transactions involving a continuity of service." In § 35 it is said, "Unless otherwise agreed, authority to conduct a transaction includes authority to do acts which are incidental to it, usually accompany it, or are reasonably necessary to accomplish it." The plaintiff, dealing with Clark in the very matter entrusted to him by the defendant Nash, was not bound by an unusual limitation upon Clark's authority of which it had no knowledge, and which it was not bound to discover. *Brooks* v. *Shaw*, 197 Mass. 376, 380. *Parrot* v. *Mexican Central Railway*, 207 Mass. 184, 189, 190. *Cauman* v. *American Credit Indemnity Co. of New York*, 229 Mass. 278, 283. *Ryan* v. *Charles E. Reed & Co.* 266 Mass. 293, 301. *Globe Ticket Co. of New England* v. *Boston Retail Grocers' Association*, 290 Mass. 235, 238. *Ferris* v. *Boston & Maine Railroad*, 291 Mass. 529, 532, 533. *Edgerly* v. *First National Bank of Boston*, 292 Mass. 181, 187. *United States Gypsum Co.* v. *Carney*, 293 Mass. 581, 587. *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86, 92.

Although the plaintiff knew that there existed a deposit agreement, it was not bound to investigate its provisions and to discover the one which declared that there should be no personal liability on the part of members of the committee. The defendant and other members of the committee could escape personal obligations upon their contracts, made by their agent within his ostensible powers, only to those creditors who expressly or impliedly agreed to look solely to the property held by the committee, as the plaintiff did not. *McCarthy* v. *Parker*, 243 Mass. 465, 467. *Larson* v. *Sylvester*, 282 Mass. 352, 359. *Dolben* v. *Gleason*, 292 Mass. 511. *Downey Co.* v. *282 Beacon Street Trust*, 292 Mass. 175.

The testimony of an officer of the plaintiff as to its contract with Clark, and what the plaintiff did under it, was properly admitted. As the judge said, "If I find that he [Clark] didn't have any authority, then whatever he did would be of no effect." *Grace* v. *Monroe*, 280 Mass. 184,

187. The same officer testified that in December, 1933, long after the publication of the advertisements, Clark told him that he "was arranging to make part payment," that if the company should buy out the committee "the entire thing would be taken care of very quickly," that "he would arrange to pay the first bill, which was for June advertising, which was close to a thousand [dollars]," that "there was some reorganization work going on in Boston," that "Nash had the thing pretty well in hand," and that the plaintiff "had nothing to be afraid of." Apparently the judge permitted a general exception to all talk between the officer and Clark, much of which was admissible to show what Clark did under his alleged authority. It does not appear that the point now argued, that the quoted statements of Clark were admissions of liability on the part of the defendant Nash which Clark was not authorized to make, was ever called to the attention of the judge. The defendant cannot sustain so general an objection by combing through the transcript of evidence and pointing out parts of the conversation to which a specific objection might have been made. *Anderson* v. *Beacon Oil Co.* 281 Mass. 108. *Rothwell* v. *First National Bank of Boston,* 286 Mass. 417, 422. *Sylvia* v. *New York, New Haven & Hartford Railroad,* 296 Mass. 157, 164. See also *Coral Gables, Inc.* v. *Beerman,* 296 Mass. 267. Moreover, it seems that there is little or nothing in the statements that could be thought to be an admission of liability on the part of the defendant Nash. It is highly probable that the judge paid no attention to them as evidence of liability.

The requests for rulings require no discussion. The defendant makes one contention which is not founded on any request or specific exception. He points out that the declaration set out a joint promise by all four members of the committee, and that the judge found merely that the defendant Nash promised through Clark as agent. He contends that recovery can be had under the declaration only upon a joint promise. In the first place, the point is only one of variance, and it is settled that an exception to the

denial of a request that a plaintiff cannot recover "on all the evidence" — and there was no more specific request or exception here — cannot be sustained by pointing out in argument that there was a variance. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385. *MacDonald* v. *Adamian*, 294 Mass. 187, 190. Secondly, the judge, in finding that Nash promised, did not find, and had no occasion to find, that the other three defendants against whom the plaintiff discontinued did not join in the promise. If the promise was joint, recovery against Nash alone was possible because the other joint promisors were nonresidents not served with process. *Tappan* v. *Bruen*, 5 Mass. 193. *Lennon* v. *Cohen*, 264 Mass. 414, 419, 420. G. L. (Ter. Ed.) c. 227, § 15. Williston, Contracts (Rev. Ed.) § 329. If, on the other hand, Nash promised alone, recovery against him on the declaration was possible under G. L. (Ter. Ed.) c. 235, § 6. *Taft* v. *Church*, 162 Mass. 527, 533. *Britton* v. *Goodman*, 235 Mass. 471, 475. *Zilli* v. *Rome*, 240 Mass. 368. There is nothing in *Mackintosh* v. *Chambers*, 285 Mass. 594, 598, 599, to the contrary, and nothing in the defendant's contention as to this matter.

*Exceptions overruled.*