UNITED STATES of America ex rel.
Francis MARINO H-9391,
Appellant,

v.

Alfred T. RUNDLE, Superintendent, State
Correctional Institution, Graterford,
Pennsylvania.

No. 71-1825.

United States Court of Appeals,
Third Circuit.

Argued May 23, 1972.

Decided June 27, 1972.

Robert H. Finkel, Richter, Syken, Ross & Grant, Philadelphia, Pa., for appellant.

James D. Crawford, Deputy Dist. Atty., Philadelphia, Pa., for appellee.

Before STALEY, ALDISERT and HUNTER, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

Francis Marino and two co-defendants were convicted on charges of blackmail, extortion and conspiracy in the Court of Common Pleas of Philadelphia County. After having exhausted his state remedies, Commonwealth v. Marino, 213 Pa. Super. 88, 245 A.2d 868 (1969); Commonwealth v. Marino, 435 Pa. 245, 255 A.2d 911 (1969), appellant filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. The only issue presented in that petition was whether a pretrial voice identification procedure was so "unnecessarily suggestive and conducive to irreparable mistaken identification" as to be violative of due process. Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1969). After an evidentiary hearing was held, the petition was denied, 328 F.Supp. 1154. This appeal followed.

Judge Fullam's conclusion that the voice identification procedure did not, in fact, violate due process, was based on his extensive findings of fact concerning the circumstances in which the procedure occurred. Our standard of review of those findings is carefully circumscribed and the District Court's factual determinations will not be set aside unless "clearly erroneous." See Fed.R.Civ.P. Rule 52(a), United States v. Archie, 452 F.2d 897 (3d Cir. 1971); Andrews v. Chemical Carriers, 457 F.2d 636 (3d Cir. 1971). After a careful review of the record we believe that the pertinent findings of fact were not "clearly erroneous" and on the basis of those facts, agree with Judge Fullam that the voice identification procedure did not violate due process.

The order of the District Court will be affirmed.