COMMONWEALTH *vs.* EMMITT THOMPSON, JR.

Suffolk.	March 6, 1972. — July 25, 1972.

Present: TAURO, C.J., SPIEGEL, REARDON, & HENNESSEY, JJ.

*Identification. Constitutional Law,* Due process of law. *Error,* Whether error harmful. *Evidence,* Contradiction of witness, Order of evidence, Judicial discretion. *Practice, Criminal,* New trial, Suppression of evidence by prosecutor.

At the trial of indictments for assault and battery, there was no error in admitting in evidence a victim's testimony identifying the defendant, a black man, as the assailant, where it appeared that the victim at the time of the assault had viewed the defendant in a well-lighted restaurant for about five minutes, and the evidence warranted the judge's conclusion that the victim's "in-court identification was not tainted by any prior improper out-of-court identification or confrontation" when she identified the defendant as he emerged from a nightclub or later at a police station while he was the only black man in a room. [384–385]

At the trial of indictments, testimony by two witnesses that they had identified the defendant at a police station was admissible to contradict their inability to identify the defendant at the trial [385–386]; introduction in evidence of one of the witnesses' out-of-court identification before her contradictory in-court statement was made was a matter within the judge's discretion [386].

At the trial of indictments for assault and battery, the admission of testimony by two witnesses of their out-of-court identification of the defendant, if error, in the "totality of the circumstances" was harmless beyond a reasonable doubt where the witnesses failed to identify the defendant in court, defence counsel used the inconsistencies to cast doubt on the defendant's presence at the assaults and on other identification testimony, and two other witnesses identified the defendant in court. [386–387]

There was no error in the denial of a motion for a new trial of an indictment for assault and battery based on an affidavit indicating that the affiant was absent during the assault and on another affidavit by the same affiant nearly four years later expanding his account and containing statements favorable to the defendant but the reliability of which the judge doubted, and there was no merit in the defendant's contention that he was denied due process of law because of the Commonwealth's failure to inform him of the affiant's presence during the assault. [387–388]

INDICTMENTS found and returned in the Superior Court on February 8, 1967.

A motion for a new trial was heard by *Brogna*, J.

*Paul J. Driscoll* for the defendant.

*Paul V. Buckley*, Assistant District Attorney, for the Commonwealth.

REARDON, J. In a trial held March 8–10, 1967, subject to G. L. c. 278, §§ 33A–33G, the defendant was convicted by a jury on three indictments charging assault and battery, and three indictments charging assault and battery by means of a dangerous weapon, the crimes having been allegedly committed on November 28, 1966.

On March 27, 1967, he filed a motion for a new trial which was denied on April 21, 1967. On March 8, 1971, he filed a second motion for a new trial on the grounds (1) that "the prosecution's introduction of evidence at trial showing that three assault victims identified the defendant as their assailant, after viewing him through a two-way mirror at police station 4, denied . . . [him] due process of law,"[1] and (2) "[t]hat the Commonwealth's failure to reveal to the defendant, or to his attorney, the existence and identity of an eyewitness to some of the assaults charged, who, after reviewing the defendant through a two-way mirror at police station 4, stated to the police that the man in custody was not one of the two assailants, denied . . . [him] due process of law." The motion, which was heard on March 24, 1971, was denied on April 20, 1971. The defendant appeals the denial of this motion.[2]

In the early morning of November 28, 1966, three white females and one white male were assaulted by two black males in the Park Square area of Boston. At a police station about one week after the incident, Miss Helen Fuller, one of the female victims, identified the defendant at a time when he was the only black man in a room. However, at the time of the assault Miss Fuller had had an opportunity to view the defendant in a well-lighted restaurant over a period of about five minutes. She had also, before the police station confrontation, identified the defendant as he emerged with others from a Boston nightclub.

After the hearing on the motion for a new trial the

---

[1] The case arose before the date of *United States* v. *Wade*, 388 U. S. 218, and *Gilbert* v. *California*, 388 U. S. 263. Hence the defendant does not claim that the out-of-court identifications by the witnesses violated his Sixth Amendment right to counsel.

[2] The Commonwealth argues that the defendant is precluded from raising questions arising from the pre-trial identification of the defendant by the three female victims and from the alleged suppression of evidence material to the issue of guilt because they were not raised at trial. However, in this case, on the motion for a new trial, the judge did consider these questions and they are thus properly before us. *Commonwealth* v. *Blondin*, 324 Mass. 564, 566–567. *Commonwealth* v. *McGrath*, 361 Mass. 431, 435, n. 2.

trial judge reported his findings. He reviewed the evidence regarding Miss Fuller and concluded that "her in-court identification was not tainted by any prior improper out-of-court identification or confrontation."

In so ruling, the judge impliedly found that the confrontation was not "so unnecessarily suggestive and conducive to irreparable mistaken identification that . . . [the defendant] was denied due process of law." *Stovall* v. *Denno,* 388 U. S. 293, 302. The defendant has been at great pains to emphasize evidence that would permit findings of fact contrary to those made by the judge. But the weight and credibility due the evidence, especially when it is oral testimony, are to be decided by the trial judge who hears the witnesses. It is not a function of this court on appellate review. *Commonwealth* v. *McGrath,* 361 Mass. 431, 437. The judge's decision, to the extent that it involves such findings of fact, is supported by our examination of the evidence in the transcript. The judge decided, in effect, that Miss Fuller's in-court identification of the defendant was "clearly and convincingly shown to have a source independent" of the improper police station confrontation. *Cooper* v. *Picard,* 316 F. Supp. 856, 864 (D. Mass.). *Allen* v. *Moore,* 453 F. 2d 970 (1st Cir.). There was no error in the admission of Miss Fuller's identification testimony.

The two other female victims of the assault, Miss Lewis and Miss Shea, witnesses for the Commonwealth, also testified as to their out-of-court identification of the defendant. The admission in evidence of this testimony was not error. Like Miss Fuller, Miss Lewis and Miss Shea viewed the defendant at a police station when he was the only black person in a room. But unlike Miss Fuller, these two women at trial were unable to identify the defendant as one of their assailants. General Laws c. 233, § 23, permits a party to contradict the testimony of his own witness by introducing in evidence proof of prior inconsistent statements made by the witness. *Commonwealth* v. *Festo,* 251 Mass. 275, 278. *Commonwealth*

v. *Geetigan,* 252 Mass. 450, 459. *Commonwealth* v. *Rudnick,* 318 Mass. 45, 61. Such evidence is admissible for the limited purpose of contradicting the witness. It possesses no evidential value and standing alone would be insufficient to support a guilty verdict. *Commonwealth* v. *Turner,* 224 Mass. 229, 237. *Gibbs* v. *State,* 7 Md. App. 35. See *Kavanaugh* v. *Colombo,* 304 Mass. 379, 381. There was no error in its admission. Although Miss Shea's statements regarding her pre-trial identification of the defendant as her assailant were introduced in evidence before her contradictory in-court statement was made, the order of introduction of this evidence was a matter of discretion for the judge (see *Grace* v. *Monroe,* 280 Mass. 184, 187).

In addition, even if the admission in evidence of Miss Lewis's and Miss Shea's out-of-court identifications of the defendant was erroneous, it was harmless beyond a reasonable doubt. See *Chapman* v. *California,* 386 U. S. 18, 24. Defence counsel extensively cross-examined these witnesses regarding their police station identifications. The trial judge noted in his findings that the defence counsel, as a matter of trial strategy, emphasized the failure of these victims to identify the defendant at trial when counsel argued that there was reasonable doubt that the defendant was present at the assaults and that the identification testimony by the other victims was suspect. Thus the defendant sought to use the inconsistencies of the two witnesses to his own advantage. *Commonwealth* v. *Underwood,* 358 Mass. 506, 509–510. The assumed error was harmless also because the witnesses were unable to make an in-court identification. Whatever harm was caused by the evidence of the out-of-court identification was vitiated by the failure to make an in-court identification. Finally, the error was harmless because two other witnesses made in-court identifications of the defendant. One was Miss Fuller, whose identification of the defendant, discussed above, was faultless. The other was Charles Peterson, the male victim of the assaults. His positive

identification of the defendant has not been directly challenged. Thus, in the light of the "totality of the circumstances" (*Gregory* v. *United States*, 410 F. 2d 1016, 1022 (D. C. Cir.), the error, if any, was harmless beyond a reasonable doubt.

The second issue posed in this appeal by the defendant springs from his contention that he was denied due process of law because the Commonwealth failed to inform him that one Michael A. Bolis was present when Miss Fuller was assaulted on November 28, 1966. On April 21, 1967, the judge denied a motion for a new trial on the ground of newly discovered evidence, the basis of which was an affidavit by Bolis. In the second motion for a new trial, the primary basis for the contention that the Commonwealth had unconstitutionally suppressed evidence favorable to the defendant was that affidavit and a second affidavit of Bolis dated February 24, 1971. *Brady* v. *Maryland*, 373 U. S. 83, held at page 87 "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." We do not think that any such evidence was involved here.

In his first affidavit, Bolis said that on the night of the incident at issue he was night manager of the Hayes-Bickford Restaurant. He saw Miss Fuller standing at the counter waiting to be served. One Leonard Gaines, the defendant's alleged accomplice, entered the cafeteria, whereupon Bolis went to the back room to call the police because he knew Gaines was a troublemaker and wanted him out of the restaurant. While making the telephone call, he heard a noise. He rushed back to the counter and saw the victim being held by "a well-dressed fellow." He did not see anyone strike her. Upon his demand the men involved left the restaurant. About a week later, in response to a request from a detective from station 4, he went to the station with the detective and Miss Fuller. There he saw "a fellow through a window, sitting in a

room." Bolis in this first affidavit stated that the man held in custody had not been in the restaurant at the time of the attack. It could have been found on the basis of this first affidavit that the affiant was absent during the assault. That being so, such evidence could hardly be favorable to the accused and material to the issue of guilt. See *Clarke* v. *Burke,* 440 F. 2d 853, 855–856 (7th Cir.).

The 1971 affidavit of Bolis contains evidence very favorable to the defendant which, taken on its face, might indeed be material to the issue of guilt. Here Bolis expanded his account beyond what he had said in the first affidavit. The judge noted the passage of time and stated his doubt as to the reliability of the expanded material. He stated that such material would not warrant a new trial, in effect disbelieving the exculpatory contents of the second affidavit. This was not error. "The weight and import of the affidavits submitted in support of the defendant's motion were for the trial judge's discretion." *Commonwealth* v. *Heffernan,* 350 Mass. 48, 53. *Commonwealth* v. *Crapo,* 212 Mass. 209, 210. *Commonwealth* v. *Millen,* 290 Mass. 406, 410. *Commonwealth* v. *Bernier,* 359 Mass. 13, 16.

We conclude that the second motion for a new trial was properly denied.

*Order denying second motion for new trial affirmed.*