COMMONWEALTH *vs.* ALEX PRICE.

Suffolk.    October 15, 1973. — February 5, 1974.

Present: ROSE, KEVILLE, & ARMSTRONG, JJ.

*Identification.*

At the trial of an indictment for armed robbery against one of several assailants, the evidence, including evidence as to the victim's opportunity for observing the assailants at the time of the crime, supported trial testimony by the victim that, although he could "not definitely" recognize anyone in the court room as an assailant, the defendant was "similar" in general build, age, and color to one of the assailants, and warranted a finding by the judge that such in-court identification was not in any way affected by a suppressed pre-trial identification of the defendant by the victim at a police station. [725-726]

---

INDICTMENT found and returned in the Superior Court on November 12, 1971.

The case was tried before *Hale, J.*

*Robert V. Greco* for the defendant.

*Richard A. Hannaway,* Assistant District Attorney, for the Commonwealth.

ROSE, J.    The defendant was indicted for armed robbery, tried under the provisions of G. L. c. 278, §§ 33A-33G, and convicted upon a jury verdict. He assigns as error the denial of his motion to suppress an in-court identification of him made by the victim.

The evidence may be summarized as follows. On the evening of October 24, 1971, the victim was "propositioned" by a girl on a Boston street. He accepted and went with her into the hallway of an apartment building. There he was seized by two men wielding knives and told to keep still. A minute or two later a third assailant entered the hallway, also armed with a knife. The robbers backed the victim against a wall, ripped through his pockets and took his wallet, which contained forty dollars in cash. Upon the appearance of two passersby, the robbers ran out of the building and escaped in an automobile. The victim, who had been left in the hallway, followed the robbers and was able to observe the make of their car and its license number; shortly thereafter he reported the robbery to the police, giving a description of the escape vehicle and of his assailants.

Approximately three hours after the robbery, the defendant was arrested while driving in a car, registered in his name, the make and license number of which matched the victim's description. In the car with the defendant was a girl. The two suspects were taken to a police station and were shown separately and without a lineup to the victim. The victim positively identified the female suspect as the girl who had "propositioned" him but did not identify the defendant. After the defendant put on a coat and cap which he had been wearing when arrested, the victim said that he

"looked like" one of the men who had robbed him. This identification was suppressed before trial.[1]

At the commencement of trial the defendant moved to suppress an in-court identification of him by the victim on the ground that the identification would necessarily be tainted by their encounter at the police station. See *Wong Sun* v. *United States,* 371 U. S. 471, 488 (1963), cited in *United States* v. *Wade,* 388 U. S. 218, 241 (1967). After an evidentiary hearing the trial judge found that the victim's identification of the defendant "was not in any way affected by seeing him in the police station" and denied the defendant's motion. The victim subsequently testified as follows: On being asked whether he recognized anyone in the courtroom as one of his assailants, he replied, "Not definitely." Later he said that the defendant was "similar" in general build, age and color to one of his assailants. The parties appear to treat these statements as "identifications" which are therefore subject to the relevant constitutional standards.

"The narrow issue before us on the denial of the motion to suppress is whether the evidence warranted the findings made by the judge . . . who is certainly in a far better position than we to determine the facts upon which a ruling on the admissibility of an in-court identification is based." *Commonwealth* v. *Murphy,* 362 Mass. 542, 547-548 (1972). See also *Commonwealth* v. *Thompson,* 362 Mass. 382, 385 (1972). The factors to be considered in deciding whether an in-court identification is free of taint were set forth in *United States* v. *Wade, supra,* at 241. Although the importance of each factor varies with the context presented, usually the most significant is the opportunity the

---

[1] The victim also said at the police station that the coat and cap which the defendant put on "looked like" the coat and cap which had been worn by one of the robbers. The motion judge refused to suppress the station house identification of the defendant's clothing. At trial, the victim described the clothing as "similar" to that worn by one of the robbers. The defendant objected and took exception to this testimony but has not argued the matter in his brief to this court.

victim had to observe his assailants in the course of the crime. *Commonwealth* v. *Ross,* 361 Mass. 665, 671-672 (1972). *Commonwealth* v. *Flaherty, ante,* 282, 287 (1973).

In the course of the robbery the victim was held for a period of three to four minutes under illumination provided by a "fairly bright" light shining through a glass panel. His assailants were "right on top of " him and the victim was able to view their faces. He had a further opportunity to observe certain of the robbers as they climbed into the escape car. These observations were sufficient to support the qualified identification made by the victim at trial. In this regard we are impressed, as was the trial judge, by the care which the victim took to identify the female suspect with certainty while declining to make a positive identification of the defendant. We note also that the victim's statements at the time of the police station encounter were consistent with his in-court testimony; at no time was he induced to go beyond his initial conclusion that the defendant "looked like" and was "similar" in build, age and color to one of the robbers. Furthermore, there was no discrepancy between the description of the robbers given by the victim to the police[2] and the defendant's actual appearance.

We hold that the evidence introduced at trial warranted the judge's finding that the victim's in-court identification of the defendant was not in any way affected by the victim's encounter with the defendant at the police station.

*Judgment affirmed.*

---

[2] The victim described his assailants to the police merely as "three males, black, of average height, and early twenties, approximately."