COMMONWEALTH vs. ANDRES ROSARIO TORRES.

Middlesex. January 7, 1975. — May 13, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Identification. Evidence*, Photograph. *Constitutional Law*, Waiver of constitutional rights. *Waiver.*

Where a witness has made a pre-trial identification of the defendant in a criminal case in constitutionally proper circumstances, such a pre-trial identification is admissible at trial for probative purposes even though the witness does not then identify the defendant, if the defendant's constitutional right of confrontation is satisfied. [738-741]

In a criminal case involving an assault and battery, unarmed robbery, and an assault with an intent to commit rape, where the victim, a blind woman, identified the voice of the defendant as that of her assailant at a District Court probable cause hearing, but at the trial attempted no identification and merely testified to her earlier voice identification, any constitutional infirmity in the identification procedure at the District Court hearing was waived by the defendant when at that hearing he at first objected to such procedure but then withdrew his objection. [741-742]

A color photograph of the victim of a severe beating was properly admitted in the discretion of the judge at the trial of one charged with the beating despite a concession by the defendant that the victim had been so beaten. [742]

THREE INDICTMENTS found and returned in the Superior Court on September 12, 1973.

The cases were tried before *Rutledge*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Nicholas B. Soutter* for the defendant.

*Elliot D. Lobel*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant appeals under G. L. c. 278, §§ 33A-33H, from convictions of assault and battery, unarmed robbery and assault with intent to commit rape.

The victim, who was blind, identified the defendant's voice at a District Court probable cause hearing held seventeen days after the crimes. In the course of the victim's testimony in the District Court, the defendant was asked to speak and to read certain sentences in open court. The defendant's attorney objected to the procedure at first but then withdrew his objection. The defendant spoke and read the sentences requested, and, according to the Superior Court judge's findings, the victim immediately stated, "That's the voice," meaning the voice of her assailant.

At the Superior Court trial, held four and one-half months after the date of the crimes, no attempt at in-court voice identification of the defendant was made. When the Commonwealth offered evidence, through the victim, of the prior voice identification, the defendant was granted a voir dire hearing concerning its admissibility. After the voir dire, the judge ruled that the prior voice identification evidence was admissible, and the victim testified to her identification of the defendant's voice in District Court. The defendant argues that the identification procedure was suggestive and that the admission in evidence of the victim's pre-trial identification of the defendant was an unconstitutional denial of due process of law.[1]

In passing on the admissibility of the pre-trial identification, we consider first the admissibility of a victim's out-of-court identification of a defendant where the victim makes no in-court identification of the defendant. In most instances evidence of a witness's pre-trial identification of a defendant is arguably in the nature of a prior consistent statement and, therefore, not admissible on direct examination. Our cases have held,

---

[1] Although it is not essential to our decision, we note that there was strong circumstantial evidence of the defendant's guilt. For example, paper currency in different denominations folded by the blind victim in particular ways for identification was found on the defendant shortly after the crime.

however, that a pre-trial identification of a defendant is admissible in conjunction with an in-court identification for the purpose of proving the defendant's guilt. *Commonwealth* v. *Locke*, 335 Mass. 106, 112 (1956). *Commonwealth* v. *Vanetzian*, 350 Mass. 491, 497 (1966). *Commonwealth* v. *Redmond*, 357 Mass. 333, 341 (1970). A pre-trial identification is regarded as having equal or greater testimonial value than one made in court because the circumstances of the earlier identification often were less suggestive and because that identification occurred closer to the time of the offense.

Even if the witness does not identify the defendant in his or her testimony at trial, any pre-trial identification of the defendant by that witness in constitutionally proper circumstances should be given probative value. See *Clemons* v. *United States*, 408 F. 2d 1230, 1242-1243 (D. C. Cir. 1968), cert. den. 394 U. S. 964 (1969); Wigmore, Evidence (Chadbourn rev.) § 1130 (1972). Although the probative value of any evidence of such identification is for the jury, that evidence, if believed, tends to prove that the defendant was the perpetrator of the crime. The trend of decisions is to permit such evidence to be introduced. See *Gilbert* v. *California*, 388 U. S. 263, 272, n. 3 (1967). We join in that view and do not understand the defendant to argue otherwise. His claim, to which we now turn, is that the circumstances of the District Court identification were so impermissibly suggestive that the identification was inadmissible on due process grounds.[2]

---

[2] Because the victim testified both at the District Court hearing and the Superior Court trial, we need not consider any denial of the constitutional right to confrontation. In *Commonwealth* v. *Thompson*, 362 Mass. 382, 385-386 (1972), we considered the admissibility of an out-of-court identification by two witnesses who were unable at trial to identify the defendant as one of their assailants. We said that evidence of the out-of-court identification was admissible for impeachment purposes and added that evidence offered for the limited purpose of contradicting a witness has no evidential value. The *Thompson* opinion did not consider the admissibility of out-of-court identifica-

We believe that voice identification prior to trial presents constitutional issues which are not significantly different from sight identification of a defendant before trial. See *Palmer* v. *Peyton,* 359 F. 2d 199, 201-202 (4th Cir. 1966); *Roper* v. *Beto,* 454 F. 2d 499, 501-503 (5th Cir. 1971), cert. den. 406 U. S. 948 (1972); *United States* v. *Ryan,* 478 F. 2d 1008, 1012-1013 (5th Cir. 1973); *United States ex rel. Marino* v. *Rundle,* 328 F. Supp. 1154 (E. D. Pa. 1971), affd. 464 F. 2d 149 (3d Cir. 1972); *People* v. *Bradley,* 12 Ill. App. 3d 783, 788 (1973). See also Am. Law Inst., Model Code of Pre-Arraignment Procedure, commentary at § 160 (2) (Tent. draft No. 6, 1974).

If the voice identification of the defendant had been conducted out of court in the absence of defendant's counsel, the defendant's constitutional rights might well have been violated by the nature of the identification procedure. Single person identification procedures are constitutionally suspect, although each case requires an evaluation of the circumstances. See *Stovall* v. *Denno,* 388 U. S. 293, 302 (1967); *Neil* v. *Biggers,* 409 U. S. 188 (1972).

If the pre-trial voice identification of the defendant had occurred out of court but in the presence of the defendant's counsel, we would have to determine the extent, if any, to which the attorney's withdrawal of his objection to the identification procedure constituted a waiver of the defendant's constitutional rights. It has been suggested that an attorney's sole function at a lineup is to observe, and thus his client's constitutional rights are not waived by the attorney's failure to object to identification procedures. See Am. Law Inst., Model Code of Pre-Arraignment Procedure, commentary at

tions for probative purposes. Here we conclude that, even though the witness makes no in-court identification, an out-of-court identification is admissible for probative purposes if the defendant's constitutional right of confrontation is satisfied.

§ 160 (4) (Tent. draft No. 6, 1974); comments, 29 U. of Pittsburg L. Rev. 65, 72-76 (1967); Read, Lawyers at Lineups:. Constitutional Necessity or Avoidable Extravagance? 17 U. C. L. A. L. Rev. 339, 362-367 (1969). However, there may be circumstances in which the attorney's acquiescence in a proposed identification procedure constitutes such a waiver. See *Commonwealth* v. *Freeman,* 352 Mass. 556, 560 (1967); *People* v. *Stearns,* 14 Cal. App. 3d 178, 182-184 (1971). We need not decide, however, what the function of counsel may be in out-of-court identification procedures.

In these cases the pre-trial identification was conducted before an impartial arbiter, a District Court judge. This situation is thus unlike a lineup or a showup in a police station where there is no neutral party to consider and rule on any objections which the defendant's attorney might raise. See *United States ex rel. Riffert* v. *Rundle,* 464 F. 2d 1348, 1351 (3d Cir. 1972), cert. den. sub nom. *Riffert* v. *Johnson,* 415 U. S. 927 (1974). Here the defendant's counsel did raise an objection to the single voice identification procedure, but after reflection he withdrew that objection. He asserts here that "basic fairness required the defendant be permitted to avail himself of the possible benefits of the confrontation without exposure to any possible adverse result therefrom at his Superior Court trial." The defendant's counsel states further that he withdrew his objection because "the government's case would have been clearly at an end" if the witness had answered that the defendant was not the man. We reject this view of the options available to a person accused of a crime.

Constitutional rights may be waived. Whatever constitutional infirmity may have existed in the District Court identification procedure was waived by the defendant's withdrawal of his objection. If the defendant had persisted in his objection, the judge might have sustained it. The defendant took a calculated, informed

risk and lost. There is no unfairness in holding the defendant to the consequences of that choice.

Because the defendant waived any constitutional ground for objecting to the pre-trial identification procedure and because such an identification is entitled to independent, probative value, the fact of that identification properly was admitted in evidence.

The defendant's only other assignment of error concerns the admission in evidence of a color photograph of the victim after the assault. The defendant argues that because he conceded that the victim had been severely beaten and had bled profusely, the judge erred in admitting the photograph, which, the defendant claims, may have inflamed the jury's passions. We do not regard the photograph as incitive in light of the oral testimony concerning the assault and its consequences. In any event, the admissibility of the photograph was within the judge's discretion, and it was not error to admit it. *Commonwealth* v. *D'Agostino*, 344 Mass. 276, 279 (1962). *Commonwealth* v. *Chalifoux*, 362 Mass. 811, 817 (1973). The photograph was offered by the Commonwealth to prove its case, and the defendant's concessions did not make it inadmissible. *Commonwealth* v. *Valcourt*, 333 Mass. 706, 712 (1956).

*Judgments affirmed.*