GEORGE WILLIAM HAYN & another *vs.* JAMES E. BURGESS & others. November 7, 1975. The contentions of the individual defendants with respect to the admissibility and significance of the zoning by-law of the town of Sherborn, founded as they are on a misconception of the purpose for which the by-law was introduced in evidence and their misinterpretation of section 4.31 of the by-law, are without merit. Our examination of the evidence persuades us that other contentions of the individual defendants and those of the defendant town must fail for the reasons stated by the Land Court judge in her findings, rulings and order for decree.

*Judgment affirmed.*

*Joseph L. McQuade* for the individual defendants.
*Reginald H. Howe* for the town of Sherborn.
*Richard D. Karb* for the plaintiffs.


COMMONWEALTH *vs.* PAUL McKENZIE, JR. November 13, 1975. The defendant was convicted on three indictments charging assault and battery by means of a dangerous weapon and one indictment charging assault with a dangerous weapon. The defendant is here on a substitute bill of exceptions. There was evidence that the defendant, who was acquainted with the victims, approached them with a shotgun while they were seated in a parked automobile and ordered them out of the automobile. The driver, still seated in the automobile, grabbed the barrel of the shotgun and attempted to move it away. He was shot in the hand and lost two fingers. Two other passengers sitting in the front seat "each received [as stated in the substitute bill of exceptions] superficial lacerations or abrasions." All three were treated at Boston City Hospital. The only contention made by the defendant is that it was "inflammatory" to permit a police officer who examined the automobile to describe the blood he observed inside the car and to testify that he observed reddish stains and particles of bone on the seat and bone and flesh on the dashboard. This testimony corroborated the driver's testimony describing the circumstances of the battery and was obviously relevant. That corroborating testimony seems little, if any, more "inflammatory" than the testimony of the victim who had lost two fingers. Further, the substitute bill of exceptions states that the trial judge, at that point, instructed the jury "not to let it [the evidence] inflame or affect them emotionally." We discern no abuse of discretion in the admission of the evidence. See *Commonwealth* v. *Chalifoux,* 362 Mass. 811, 817 (1973); *Commonwealth* v. *Torres,* 367 Mass. 737, 742 (1975).

*Exceptions overruled.*

The case was submitted on briefs.
*Joan Stanley* for the defendant.
*Paul V. Buckley,* Assistant District Attorney, for the Commonwealth.