COMMONWEALTH *vs.* JOSEPH COHEN. March 30, 1979. The defendant appeals under G. L. c. 278, §§ 33A-33G, from his convictions on indictments charging attempted arson (G. L. c. 266, § 5A) and attempted arson with intent to defraud an insurer (G. L. c. 266, § 10).

1. We need examine only the dispositive question whether the trial judge properly admitted as substantive evidence of guilt the testimony concerning an eyewitness's two prior photographic identifications which the eyewitness acknowledged he had made but which he repudiated at trial. We agree with the Commonwealth that in order to decide this case "it is [not] necessary to go beyond the principle enunciated in" *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 408 (1978), a case we believe controls the instant case in all material aspects. The development of this principle began in *Commonwealth* v. *Torres*, 367 Mass. 737, 739 (1975) ("even though the witness makes no in-court identification, an out-of-court identification is admissible for probative purposes" [*id.* at 740, n.2]); it received further exposition in *Commonwealth* v. *Swenson*, 368 Mass. 268, 272 (1975) ("extra-judicial identification may be offered in evidence . . . as substantive evidence of an identification, having probative value"). See also *Commonwealth* v. *Day*, 4 Mass. App. Ct. 831, 832 (1976). Moreover, it was given additional authoritative weight in *Commonwealth* v. *Vitello*, 376 Mass. 426, 458 (1978) ("extrajudicial identification may be used substantively even when the witness is unable or unwilling to make an in-court identification"). In light of this fully established principle, a defendant in circumstances such as the present can complain only that the prior photographic identifications were unduly suggestive and thus consti-

tutionally infirm (not claimed here) or that his right to confrontation was violated. See *Commonwealth* v. *Fitzgerald, supra* at 409. Although the cross-examination of the eyewitness was not productive, it was thorough, extensive and competently conducted. There was no reversible error. *Id.*

2. Based on all the Commonwealth's evidence, including the prior photographic identifications, we conclude that there was sufficient evidence to warrant submitting the case against the defendant to the jury. See *Commonwealth* v. *Sandler,* 368 Mass. 729, 740 (1975); *Commonwealth* v. *Mangula,* 2 Mass. App. Ct. 785, 786 (1975). The defendant's motions for directed verdicts and judgments of acquittal were properly denied. *Commonwealth* v. *Fitzgerald, supra* at 411. See *Commonwealth* v. *Vitello, supra* at 460-461. See also *Commonwealth* v. *Day, supra* at 831-832.

3. The defendant's motion for a new trial raises no question of law not already disposed of above.

*Judgments affirmed.*

*Anthony M. Traini* for the defendant.

*Brian J. Dobie,* Assistant District Attorney (*Clyde R. W. Garrigan,* Special Assistant District Attorney, with him) for the Commonwealth.